[Crim. No. 696.   In Bank. — April 16, 1901.]

## THE PEOPLE, Respondent, v. THOMAS P. OWENS, Appellant.

CRIMINAL LAW — HOMICIDE — INSANITY — SUPPORT OF VERDICT. — Where the evidence is uncontradicted that the defendant fired the fatal shot, and insanity is relied upon as a defense, if the evidence on the subject of insanity is not such as to justify this court in setting aside the verdict as matter of law, the verdict cannot be disturbed for insufficiency of the evidence to support it, notwithstanding the motive for the crime is not plainly manifest from the evidence.

ID. — PROOF OF MOTIVE NOT ESSENTIAL — CIRCUMSTANCE. — The establishment of a motive for the commission of a murder is not essential as an element necessary to justify a conviction. The presence or absence of motive is simply a circumstance in each particular case, sometimes weak and sometimes strong, going to the question of guilt or innocence.

ID. — TRANSFER OF CAUSE TO ANOTHER DEPARTMENT — HOUR OF TRIAL — DISCRETION. — The transfer of the criminal cause from one department of the superior court to another, shortly before the hour of trial, is not a violation of law, and is the exercise of a discretion which is not reviewable; where no abuse of discretion appears, and where the record does not disclose any injury suffered by the transfer.

Id. — Time to Prepare Defense at Trial — Discretion. — The allowance of any time to the defendant in which to prepare his defense, after the prosecution has rested its case at the trial, is a matter of discretion; and no error is established by the mere fact that the defendant was only allowed thirteen minutes thereafter in which to prepare the order of his defense, in the absence of any showing of an abuse of discretion.

Id. — Demurrer — Motion to Arrest Judgment — Defect in Copy of Information. — A demurrer to the information is directed only to defects therein, and the objection that the certified copy delivered to the defendant when arraigned omitted his name, while the information itself was in due form, cannot be reached by demurrer, nor by a motion in arrest of judgment.

Id. — Misconduct of District Attorney — Fervor in Argument — Discretion of Trial Court. — Courts are not favorably disposed toward granting new trials for misconduct of the district attorney in his argument of the case. In regulating the arguments of counsel, much is left to the discretion of the trial court, and the judgment will not be reversed by this court for mere fervor of the district attorney in his argument.

Id. — Limiting Cross-examination — Meretricious Relations of Deceased. — Evidence that the deceased was living with one of the witnesses for the prosecution as husband and wife, though unmarried, is not proper evidence from any standpoint, and the court did not err in limiting cross-examination by the defendant so as to exclude such evidence.

APPEAL from a judgment of the Superior Court of Sonoma County and from an order denying a new trial. S. K. Dougherty, Judge.

The facts are stated in the opinion of the court.

R. W. Miller, for Appellant.

Tirey L. Ford, Attorney-General, and Henry A. Melvin, for Respondent.

GAROUTTE, J. — Defendant has been convicted of the crime of murder in the first degree, with the death penalty affixed. He now appeals from the judgment and order denying his motion for a new trial. The evidence showing that defendant fired the fatal shot is uncontradicted, and insanity is relied upon as a defense.

Some claim is made by counsel that the evidence on the subject of defendant's insanity is such as to justify this court in setting aside the verdict as matter of law. But this claim

cannot be maintained for a moment. While the motive for the commission of the homicide is not plainly manifest from the evidence, yet the establishment of a motive is not at all essential as an element necessary to justify a conviction. The presence or absence of motive is simply a circumstance in each particular case, sometimes weak and sometimes strong, going to the question of guilt or innocence. (*People* v. *Durrant*, 116 Cal. 179.)

Defendant complains that his case was transferred from one department of the superior court to the other a very short time before the hour set for trial. We know of no law violated by such an order of transfer. And if the transfer was made under an exercise of discretion upon the part of the judge or the court, we see no abuse of that discretion. Indeed, it is not established by the record that defendant suffered any injury by the reassignment of his case. He also complains that he was allowed only thirteen minutes in which to prepare the order of his defense after the prosecution had rested its case. An allowance of any period of time is entirely a matter of discretion upon the part of the trial court, and in the absence of a showing of an abuse of that discretion, this court will not interfere. Here there is no showing whatever.

The name of the defendant was omitted from the charging part of the certified copy of the information at the time of his arraignment. He now complains because his demurrer to the information was overruled. The information upon which defendant was arraigned was in due form, and the demurrer was properly overruled. If the copy given to defendant was defective, his remedy for the defect was not by demurrer; for a demurrer must be directed to defects in the information, and not to defects in the copy. For the same reason the motion in arrest of judgment was properly denied.

Misconduct by the district attorney in his argument to the jury is relied upon as ground of reversal. We find in the record various abstracts taken from his argument, which appear to be of a rather fervid character, but beyond this they do not go. This court is not favorably disposed toward granting new trials upon this ground, and in regulating the arguments of counsel much is left to the discretion of the trial court. There is no substantial error disclosed by the record upon this branch of the case.

A great many technical objections are made to the rulings

of the court in limiting the cross-examination of the witnesses Mrs. Denison and her daughter. A great part of this proposed cross-examination was directed to the purpose of showing that the deceased and this daughter of Mrs. Denison, though unmarried, were living together as husband and wife. Such evidence was not proper cross-examination. Indeed, it was not proper evidence, from any standpoint of the case. The relations between the deceased and the woman were a matter wholly foreign to the issue on trial. An attorney should not be allowed to place that kind of evidence before the jury upon the pretext that the examination is for the purpose of refreshing the recollection of the witness. If such were the rules of law, then all kinds of matter tending to degrade a witness could be inquired into upon cross-examination,—matters wholly foreign to the issue upon trial, and only serving the single purpose of prejudicing the witness in the eyes of the jurors. Witnesses cannot be impeached in this way. No error was committed by the court in its ruling upon the evidence of the witness Leard; and the same may be said of the witness Dr. Swisher. We find many other exceptions in the record taken to the action of the trial court in the admission and rejection of evidence. We have examined them all with care, and there is no substantial merit in them. Defendant has had a fair trial, and the judgment and order are affirmed.

Van Dyke, J., Harrison, J., McFarland, J., Henshaw, J., and Temple, J., concurred.

Beatty, C. J., concurred in the judgment.