[Crim. No. 39.  First Appellate District.—June 21, 1906.]

## THE PEOPLE, Respondent, v. BERT OWENS, Appellant.

CRIMINAL LAW—ASSAULT WITH A DEADLY WEAPON—INTENT TO MURDER
—QUESTION FOR JURY.—Where the defendant was convicted of an
assault with a deadly weapon with intent to commit murder, and the
evidence showed that the defendant had previously threatened to
kill the prosecuting witness, and went to his shop with a pistol,
and stated that he came to kill him and was going to do it, and
was prevented from doing so by having the pistol knocked from
his hands, the question of the intention of the defendant to murder
the witness was one of fact for the jury, and their verdict on that
question will not be disturbed for insufficiency of the evidence.

ID.—INTOXICATION OF DEFENDANT—PRESUMPTION—CONSIDERATION OF
EVIDENCE BY JURY.—Where there was no evidence that the defend-
ant was intoxicated to such a degree as to destroy his capacity for
understanding the nature and effect of his acts and conduct, it must
be assumed that the jury took that matter into consideration, and
gave to the evidence on that subject proper weight in determining
their verdict.

ID.—MISCONDUCT OF DISTRICT ATTORNEY—OBJECTION UPON APPEAL FOR
FIRST TIME.—A general objection to misconduct of the district at-
torney, which was not called to the attention of the court at the
time, and in respect to which no instruction was asked, cannot be
urged for the first time in the appellate court.

ID.—INDICTMENT AND VERDICT—DESIGNATION OF OFFENSE.—The fact
that the indictment and verdict designated the offense of ''an as-
sault with intent to commit murder,'' as being ''an assault with a
*deadly weapon,* with intent to commit murder,'' is immaterial.  By
placing the words ''with a deadly weapon'' in the indictment, the
people were limited to proving that particular kind of assault, and
the defendant was informed of the particular kind of assault which
he must meet.  If those words were surplusage, they did not vitiate
the indictment or verdict.

ID.—INSTRUCTIONS—APPLICABILITY TO EVIDENCE—REQUESTS OTHERWISE
GIVEN.—The court properly refused to give *requested instructions*
and portions of instructions which there was no evidence to sup-
port, and to give requested instructions which were substantially
considered in the charge.

ID.—MOTION FOR NEW TRIAL—IRRELEVANT FACTS NOT CONSIDERED.—
Affidavits embodied in the bill of exceptions setting forth proceed-
ings had at the preliminary examination, and a charge to the

grand jury, not in any respect connected with the trial, or brought
to the knowledge of any of the jurors who convicted the defend-
ant, are irrelevant, and not entitled to be considered in support of
the motion.

APPEAL from a judgment of the Superior Court of Fresno
County, and from an order denying a new trial. H. Z.
Austin, Judge.

The facts are stated in the opinion of the court.

S. J. Hinds, and Lee J. Allen, for Appellant.

U. S. Webb, Attorney General, for Respondent.

HARRISON, P. J.—The appellant was convicted of as-
sault with a deadly weapon with intent to commit murder,
and has appealed from the judgment thereon and from an or-
der denying him a new trial.

1. One of the grounds of his motion for a new trial was that
the evidence was insufficient to sustain the verdict.   His coun-
sel concedes that there was some evidence in support of the
verdict, but contends that upon the preponderance of the evi-
dence the jury was not authorized to find that the defendant
had any intention to kill Mecartea, the prosecuting witness.
There was testimony that the defendant had previously threat-
ened to kill Mecartea; that on the day the assault was made
upon him he drove in a buggy to the blacksmith-shop where
Mecartea was at work, and requested him to come out into
the street; that Mecartea thereupon went out to the street,
and the defendant, still remaining in his buggy, said to him
that he had come to kill him; that Mecartea told him to go
away, that he wished no trouble with him, and returned into
the shop; that the defendant thereupon got out of his buggy,
drew his pistol, and following Mecartea went into the shop,
pointing his pistol at him.   As he went into the shop he com-
menced to villify Mecartea, saying several times rapidly and
in an excited manner as he approached him, "I came to kill
you, and, damn you, I am going to kill you"; and as he did
so stepped ahead, and Mecartea stepped at the same time,
and knocked the pistol out of his hands, and they there-
upon clinched and fell to the floor.   Whether it was the in-

tention of the defendant to kill Mecartea was a fact to be determined by the jury from all of the testimony of the witnesses, and we cannot say that their verdict is not amply sustained.

The contention of the appellant that he was intoxicated at the time, and that it is therefore apparent that he did not have such intention, is insufficient to overcome the verdict. There was no evidence that he was intoxicated to such a degree as to destroy his capacity for understanding the nature and effect of his acts and conduct; and it must also be assumed that the jury took this matter into consideration, and gave to the evidence on that subject its proper weight in determining their verdict.

2. Another ground for reversal urged by the appellant is the misconduct of the district attorney during the trial, both in his opening statement to the jury and in his argument at the close of the testimony, and also in the form of questions put by him to witnesses. This claim is general in its form— no special remarks or form of question being pointed out as objectionable, and it does not appear that at the trial any objection on this ground was made to either the opening statement of the district attorney or to his closing argument, or that the court was requested to interfere, or to instruct the jury in reference thereto. In the absence of such objection at the time it cannot be made for the first time in the appellate court. (*People* v. *Beaver,* 83 Cal. 420, [23 Pac. 321]; *People* v. *Frigerio,* 107 Cal. 151, [40 Pac. 107]; *People* v. *Kramer,* 117 Cal. 647, [49 Pac. 842]; *People* v. *Owens,* 132 Cal. 469, [64 Pac. 770]; *People* v. *Bishop,* 134 Cal. 682,[66 Pac. 976].) We have, however, examined the record herein, and are of the opinion that such objection would not be tenable as to the questioning of the witnesses, or that the remarks of the district attorney to the jury exceeded the limits of legitimate argument.

3. The objection that the offense named in the indictment and in the verdict that the defendant was "guilty of an assault *with a deadly weapon* with intent to commit murder" is not made a crime by the Penal Code, is without merit. An assault with intent to commit murder is made a crime by section 217 of that code irrespective of the mode or means by which the assault is committed. By placing the words "with

a deadly weapon'' in the indictment the people were limited to proving that particular kind of an assault, and the defendant was informed of the particular character of the assault which he was to meet. The words may have been surplusage, but they did not vitiate the indictment or the verdict.

4. The defendant requested the following instruction:

"Upon the question as to with what intention the defendant used the pistol in question, if at all, the court instructs the jury the intention must be established as a fact, and proof of the said intention to kill and murder the prosecuting witness must not only show to a moral certainty that such an intention was entertained by the defendant, but such was his intention at the time of using such pistol. (And it will be remembered by the jury that it is not sufficient to prove a general felonious intent or any other than the particular intent alleged in the information or included therein, and the burden of proving the alleged intent is on the prosecution.) ''

The court modified the same by striking out the portion within the parentheses, and gave it as so modified. In thus modifying the instruction as requested the court did not err. There was no evidence before the jury tending to show ''a general felonious intent'' on the part of the defendant, and for this reason the court was justified in modifying the instruction as requested. The testimony that he had previously threatened to kill the prosecuting witness was introduced for the purpose of illustrating the intent with which he made the assault upon him on the 25th of September, and when it was offered the defendant's counsel stated that he ''had no objection to any threat made against Mecartea.'' The other portions omitted from the instruction as requested were elsewhere given to the jury; and in that portion of this very instruction which was given, the court told the jury that the intention of the defendant to murder Mecartea must be established as a fact, and ''that such was his intention at the time of using the pistol,'' and the jury were repeatedly instructed that the burden of proving every element of the crime was upon the prosecution.

Other instructions requested by the defendant, to the effect that the jury must find that at the time the defendant made the assault with the pistol upon the prosecuting witness, he intended to murder him, were properly refused upon the

3 Cal. App.—48

ground that the jury had been fully instructed upon that point.

There was no evidence before them from which they would have been authorized to find that the defendant used the pistol for the purpose of striking the prosecuting witness, and the court properly refused to permit them to consider the hypothetical result of such a blow.

5. The bill of exceptions contains certain affidavits setting forth proceedings had at the preliminary examination of the defendant, and also a charge to the grand jury at about the time of the trial (not, however, by the judge of the court before whom the trial was had); but as it is not shown that these facts were in any respect connected with the trial herein, or brought to the knowledge of any of the members of the jury by whom the defendant was convicted, they were not entitled to be considered in support of the defendant's motion for a new trial.

The judgment and order denying a new trial are affirmed.

Hall, J., and Cooper, J., concurred.