[Crim. No. 941.   Third Appellate District.—October 11, 1926.]

## THE PEOPLE, Respondent, v. ALBERT JEANS, Appellant.

[1] CRIMINAL LAW — MURDER — TESTIMONY OF DEFENDANT—WEIGHT— CREDIBILITY — INSTRUCTIONS. — In a prosecution for murder it is error to instruct the jury when the defendant takes the stand that his testimony is not to be disregarded or discredited or entitled to less weight for the reason that he is the defendant, but that he is entitled to the same privileges as other witnesses, and that his testimony is to be weighed with the same care and by the same rules as that of any other witness, such instruction being upon the credibility of the witness and the weight to be given to his testimony, in violation of section 19 of article VI of the constitution, which provides that judges shall not charge jurors with respect to matters of fact.

[2] ID.—MISCONDUCT OF DISTRICT ATTORNEY—ARGUMENT—FAILURE TO ASSIGN MISCONDUCT.—In such prosecution alleged misconduct of the district attorney predicated upon certain statements made by him in his argument to the jury cannot be held to have been prejudicial to the defendant, where most of the statements claimed to have been prejudicial were within the bounds of legitimate argument and counsel for defendant made no objection thereto at any time and did not assign them as misconduct or ask the court to instruct the jury to disregard them.

---

1. See 8 **Cal. Jur.** 356.
2. See 8 **Cal. Jur.** 508.

[3] ID.—APPEAL TO RACE PREJUDICE—WITHDRAWAL OF OBJECTIONABLE STATEMENT — ABSENCE OF PREJUDICIAL MISCONDUCT. — In such prosecution, the district attorney was not guilty of prejudicial misconduct in stating to the jury that it would not be safe to permit defendant, who was a negro, "to come in and slaughter a white man," where he immediately stated, "I want to be fair and I don't ask anything outside of your oath, I don't want it. I don't ask you to be unjust to any person and neither do I ask anything against a defendant because he is a negro. I believe one man is as good as another regardless of race or creed or color."

[4] ID.—JURIES AND JURORS—LENIENCY TOWARD MURDERERS—REMARKS OF DISTRICT ATTORNEY—INSTRUCTIONS—VERDICT.—In such prosecution, a reference by the district attorney, in his argument to the jury, to the prevalence of crime in this country as compared with other countries and to the fact that but few murderers are hanged, due to the leniency of jurors and the kind attitude of the public toward murderers, was not prejudicial to defendant, where the trial court instructed the jury to disregard the statements and the jury, by returning a verdict of manslaughter, after the district attorney had urged them to return a verdict of murder, indicated that the language used by the district attorney did not influence the jury to the prejudice of defendant.

(1) 16 **C. J.**, p. 940, n. 46, p. 958, n. 20.    (2) 16 **C. J.**, p. 894, n. 33; 17 **C. J.**, p. 62, n. 94, p. 72, n. 62, p. 180, n. 18.    (3) 16 **C. J.**, p. 909, n. 51.    (4) 16 **C. J.**, p. 917, n. 67; 17 **C. J.**, p. 299, n. 25.

APPEAL from a judgment of the Superior Court of Mendocino County and from an order denying a new trial. H. L. Preston, Judge.    Affirmed.

The facts are stated in the opinion of the court.

W. D. L. Held for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendant was charged with the crime of murder and was convicted of manslaughter.    He has appealed from the judgment and the order denying his motion for a new trial.

The evidence is amply sufficient to support the verdict and judgment and appellant makes no contention to the con-

trary. In appellant's brief it is said: "Two points are made on the appeal, viz.: 1. That the court erred in refusing to give an instruction requested by the defendant; and 2. That the district attorney was guilty of misconduct prejudicial to the defendant."

[1] The instruction referred to reads as follows: "I charge you that every witness is presumed to speak the truth. This rule applies to the testimony of the defendant if he takes the stand in his own behalf as well as to that of any other witness. You are instructed that his testimony is not to be disregarded or discredited or entitled to less weight for the reason that he is the defendant and stands charged with a criminal offense. He is entitled to the same privileges and his testimony is to be weighed by you with the same care and by the same rules as that of any other witness." The proposed instruction was properly refused for the reasons stated in *People* v. *Brown,* 62 Cal. App. 96, 103, 104 [216 Pac. 411].

[2] Most of the statements made by the district attorney in his argument to the jury and now claimed by appellant to constitute prejudicial misconduct were within the bounds of legitimate argument, and counsel for defendant made no objection thereto at the time, and did not assign them as misconduct or ask the court to instruct the jury to disregard them. [3] The most serious of the statements to which no objection was made at the time was that "it will not be safe if you permit a defendant, a negro, to come in and slaughter a white man." The defendant is a negro and the remark of the district attorney, standing alone, would appear to be an appeal to race prejudice, but, almost immediately thereafter, the district attorney said: "I want to be fair and I don't ask anything outside of your oath, I don't want it. I don't ask you to be unjust to any person and neither do I ask anything against a defendant because he is a negro. I believe one man is as good as another regardless of race or creed or color." [4] The district attorney referred to the prevalence of crime in this country as compared with other countries and to the fact that but few murderers are hanged, and then said: "And what do you do when you do convict them? You put them in San Quentin for a life sentence and they are out in four or five years." Counsel for defendant objected to the

language quoted, assigned the statement as misconduct, and requested the court to admonish the jury to disregard it. The court thereupon instructed the jury "to disregard the statement" and admonished the district attorney "to refrain from further . . . statements in that regard." Thereafter the district attorney stated that "a five-time life murderer escaped from a road camp and they hunted for him seven days and finally found him and put him back in Folsom." At a later point in his argument he said: "I don't ask you to hang this man because, with the kindest of feeling, I don't believe you have the nerve to do it, and the American people are becoming so kind and so reforming that they are making their prisons palaces and now days it is better to be in San Quentin than work in the woods." In each instance, on objection being made by counsel for the defendant, the court instructed the jury to disregard the statement. Under the circumstances stated, the misconduct of which complaint is made cannot be held to be prejudicial. (*People* v. *Craig*, 196 Cal. 19 [235 Pac. 721, 724]; *People* v. *Kromphold*, 172 Cal. 512, 522 [157 Pac. 599]; *People* v. *Glaze*, 139 Cal. 154, 159 [72 Pac. 965]; *People* v. *Owens*, 132 Cal. 469, 471 [64 Pac. 770]; *People* v. *Molina*, 126 Cal. 505, 507 [59 Pac. 34]; *People* v. *Wilson*, 61 Cal. App. 611, 628 [215 Pac. 565]; *People* v. *McRoberts*, 1 Cal. App. 25, 27 [81 Pac. 734].) The district attorney urged the jury to return a verdict of murder of the first degree, and the verdict of manslaughter, only, indicates that the language of which complaint is made did not influence the jury to the prejudice of the defendant.

The judgment and the order are affirmed.

Plummer, J., and Hart, J., concurred.