[Crim. No. 1565. First Appellate District, Division One.—September 27, 1930.]

THE PEOPLE, Respondent, v. CHARLOTTE NEWTON, Appellant.

Martin Murphy and J. B. Peckham for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

THE COURT.—This is an appeal from a judgment of conviction and an order denying a motion for a new trial in an action wherein appellant was found guilty of having made an unlawful sale of intoxicating liquor and was sentenced to pay a fine or in default of payment thereof to be imprisoned in the county jail. The assignment of errors includes rulings on the admissibility of evidence, comments made by the court during the progress of the trial, and the giving of certain instructions to the jury.

The conviction was obtained on the testimony of a man named Narducci and two women named Morehouse and Davis. Narducci was an undercover agent employed by the sheriff to detect violations of the liquor law. He was operating with a man named Jodan, the latter being a half-brother to the women. By appointment they all met at the home of one of the women in San Jose, and about 4 o'clock in the afternoon motored to Gilroy, arriving there about 6 o'clock, going immediately to a cafe where they dined and drank wine until 10 o'clock. Then they proceeded back toward San Jose, but at San Martin they stopped at a place called Brown's Service Station, and entered a building adjacent to the gasoline station which was being conducted as a lunch-room. They stayed there a couple of hours, drinking and singing with a few others there present. In this regard Narducci testified that during the two hours they were there, he and Jodan treated the crowd, nine in all, to intoxicating liquor, four times; that the drinks were ordered from appellant and that she served them on a tray— eight glasses of whisky and one glass of wine, for which she charged and they paid her twenty-five cents a drink. This portion of his testimony was corroborated by that of the two women. Jodan was not a witness at the trial.

In contradiction of the foregoing, appellant testified that she was not the proprietress of the establishment, but had been there for a week observing the business with a view to purchasing it from the owner, a man named Reed; that on the night in question she was attending the lunch-counter and served no liquor whatever, nor did she see any served

or drunk, although she admitted having seen liquor glasses on the tables. She further testified that when Narducci and his party arrived, and during the time they were there they were all grossly intoxicated. In addition to her testimony the defense produced three witnesses named Poseno, de Martini and Billa, who were there that night, and all of whom testified that they saw whisky and wine served but that appellant was attending to the lunch-counter and that Reed served the drinks. They further testified that they saw no money paid for the drinks.

Counsel for appellant subjected the prosecution's witnesses to an exhaustive cross-examination as to everything that occurred that afternoon and night, particularly as to what they did, and ate and drank from the time they left San Jose that afternoon until they returned there the next morning about 2 o'clock, for the evident purpose of showing that they were in such a state of inebriety when they reached Brown's Service Station that it was impossible for them to have observed or remembered what really did happen there. Many of the questions were argumentative in form and others elicited matters which obviously were irrelevant and immaterial. A number of the questions were objected to by the district attorney, and in disposing of the objections the usual colloquies took place between counsel and between the court and counsel, and finally after several attempts had been made to shorten the cross-examination the court stated in substance that without commenting upon the matter it would allow counsel to proceed if counsel thought he could "bring out some defense from now on. . . . "

We do not find it necessary to discuss separately each of the numerous assignments of error relating to the rulings and comments made by the trial court during the course of the trial for the reason that, after having examined the entire transcript of the evidence and particularly those portions of it against which the assignments are directed, we have found nothing which in our opinion would amount to prejudicial error or that would tend to show that appellant was deprived of a fair trial.

The objection appellant makes to the instructions is both general and specific. They are objected to generally as being argumentative in form and one-sided; but after ex-

amining the entire charge to the jury we think the objection is not well taken. The instructions were oral on stipulation, and while some parts thereof may be subject to criticism, as a whole, in our opinion, they were fair. If appellant desired that the jury be instructed more in detail on matters relating to the charge, written instructions in her behalf should have been proposed, but so far as the record shows this was not done. ▮▮ The specific objection is based upon the fact that in one sentence of its oral instructions the court, evidently through inadvertence, used the word ''sold'' instead of the word ''used''; and appellant contends, therefore, that thereby the court not only instructed on a matter of fact, but that in effect it took from the consideration of the jury the vital issue of fact in the case. The instruction was as follows: ''There are some things that are established in the case, that you will not be called upon to dwell upon or to determine, except in a general way. One is the definition of intoxicating liquor. . . . Another fact is removed from any serious consideration by you, and that is the question as to whether or not any intoxicating liquor was sold or drunk upon the occasion here charged. . . . ''

If the foregoing were the only instruction given upon that subject, the misuse of the word ''sold'', even through inadvertence, would doubtless amount to prejudicial error; but a little later on in its charge the court twice adverted to the same matter, at which times the jury was correctly and clearly instructed upon the subject. In this regard the court stated '' . . . the issue in this case is a simple one, and it is whether or not this defendant sold intoxicating liquor. This is the ultimate fact for you to determine. . . . '' And again the court stated: ''I have already stated to you that the question of the use of liquor and apparently in considerable quantity is not in dispute. It is then a question who dispensed, who sold that liquor, and whether or not it was sold.'' Moreover, several times during the course of the trial, in ruling upon the admissibility of evidence the court clearly stated that the question at issue in the case was the sale of the liquor. Therefore, in the foregoing state of the record, we are not prepared to hold as a matter of law that because of the single misuse of the word ''sold'' the jury was led to believe that its right to pass upon the

question of the sale of the liquor was withdrawn from its consideration.

The judgment and order are affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 11, 1930.