[Crim. No. 143. Fourth Appellate District.—May 6, 1932.]

THE PEOPLE, Respondent, v. L. WEAVER, Appellant.

J. M. Lopez for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

THOMSON, J., *pro tem.*—By an information filed in the superior court defendant and appellant was charged with the crime of assault with a deadly weapon, with intent to commit murder, to which he entered a plea of "not guilty". A trial was had before a jury and the jury returned a verdict of guilty as charged in the information. This appeal is taken from the judgment of conviction and from the order

of the trial court denying appellant's motion for a new trial.

Appellant makes two general assignments of error: First, that the evidence does not support the verdict; and second, that the trial court erred in its rulings upon the admissibility of evidence.

Under appellant's first assignment of error he argues that the evidence establishes the fact that appellant's assault was justified in defense of appellant's person. The record discloses that an altercation took place between defendant and the complaining witness in a store operated by the complaining witness, about 10 minutes before the assault with which the defendant is charged. There is a conflict as to how this first altercation began, between the testimony of defendant and the testimony of the complaining witness. However, the evidence shows that in the first altercation the complaining witness struck defendant over the head with a revolver, using the same as a club. Defendant immediately left the store and went to the home of his mother in the same vicinity, where he obtained a pistol and walked back to a point close to said store, arriving there approximately 10 minutes after the first altercation. A witness for the People testified that he saw defendant returning with the pistol in his hand and heard him threaten to kill the complaining witness. Two witnesses for the defendant claimed that they saw the defendant return, but did not see a pistol in his hand and did not hear him threaten anybody. These same two witnesses testified that, when defendant was returning and had reached a point near said store, complaining witness hurried out to meet the defendant, holding a revolver in his hand and, threatening the defendant with the revolver, said he would kill the defendant. On the other hand, the complaining witness testified that he did not have the revolver on his person at the time of the second altercation and that he did not threaten the defendant. The uncontradicted evidence shows that the defendant, upon this second meeting with the complaining witness, shot the complaining witness three times with a pistol which defendant had in his hand, causing serious wounds.

With the condition of the evidence as shown above, the most that can be said for the defendant is that the evidence presents a substantial conflict on material matters. Appel-

late courts are not authorized to reverse a judgment of conviction because of conflicts in the testimony, nor is it the province of appellate courts to pass upon the credibility of witnesses in support of a verdict, or to determine the weight to be accorded their testimony. These matters are within the province of the jury and its decision is final, unless the testimony is inherently improbable and unbelievable. (*People* v. *Williams,* 133 Cal. 165, 166 [65 Pac. 323] ; *People* v. *Durrant,* 116 Cal. 179, 200 [48 Pac. 75] ; *People* v. *Clayberg,* 26 Cal. App. 614, 624 [147 Pac. 994].) An appellate court cannot substitute its judgment for that of the jury, there being nothing inherently improbable in the evidence. On appeal, the evidence, even though conflicting, must be considered and resolved favorably to the finding of the jury. (*People* v. *Silva,* 48 Cal. App. 728, 737 [192 Pac. 330].)

Under the facts and circumstances above set forth, the question of self-defense was properly left to the discretion of the jury, and we cannot say that the jurors were not justified in disbelieving the defendant and his said witnesses and believing the testimony of the complaining witness and the other evidence on behalf of the People, and concluding therefrom, beyond all reasonable doubt, that the defendant returned to the scene of the trouble and shot the complaining witness with the deliberate and specific intent to murder him. (*People* v. *Owens,* 3 Cal. App. 750, 751, 752 [86 Pac. 980].) We are of the opinion that in the case at bar there was an abundance of evidence to support the verdict.

Under appellant's second assignment of error he objects to the ruling of the trial court allowing the district attorney, over appellant's objection, to ask a witness called by the People, certain leading questions concerning former statements made by the witness which were inconsistent and at variance with his present testimony. The district attorney stated that he was asking such questions for the purpose of refreshing the recollection of the witness, and the nature of the questions asked indicates that such was the purpose. Under the authority of *People* v. *Deckert,* 77 Cal. App. 146, 152 [246 Pac. 157], and the cases therein cited, we have no doubt that the district attorney was justified in asking the questions objected to, and that the trial court's ruling was correct. As stated in said last-named case, at page 154: "The propriety of the procedure adopted by the district

attorney in the instant case is illustrated in the case of *People* v. *Durrant,* 116 Cal. 179, 214 [48 Pac. 75, 84], where it is said: 'When a witness called by a party fails to testify to matters previously within his recollection, or gives evidence in apparent variance with that formerly given, it is not incumbent upon the party producing the witness to wait for the assaults of the cross-examination to expose seeming inconsistencies or discrepancies. While he may not impeach his witness (saving under certain exceptional circumstances), he may with propriety refresh his recollecton, to the end that the witness and his present evidence may both be put fairly in their proper light before the jury.' "

The judgment and order appealed from are, and each of them is, affirmed.

Barnard, P. J., and Marks, J., concurred.