[Crim. No. 1706.   First Appellate District, Division One.—December 15, 1933.]

THE   PEOPLE,   Respondent,   v.   EDWARD   SHAYER, Appellant.

Edward Shayer, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

KNIGHT, J.—The jury found appellant guilty of second degree robbery; also that a prior conviction of robbery with which he was charged was true. He was sentenced to imprisonment in the penitentiary, and this appeal was taken from the judgment of conviction and the order denying a motion for a new trial.

As to the degree of crime involved the jury was instructed that if appellant were found guilty "the only verdict would be a verdict of second degree, because no deadly weapons were used". Appellant contends that the offense established by the evidence, if any there was, was grand theft and not robbery; that therefore the above instruction was erroneous and the verdict rendered in conformity therewith is contrary to the evidence. The question of variance was not raised at the trial, nor were any instructions proposed by appellant relating to the crime of grand theft. Assuming, however, that the point may be raised for the first time on appeal, it finds no support in the evidence.

According to the testimony given by the complaining witness, named Rudden, appellant and another man unknown to him accosted him on the street in San Francisco shortly after the noon hour as he alighted from a delivery truck he was driving, and under the pretext that they were officers and that he "was wanted" for something, forced him into an automobile, told him he was wanted "for cheating some poor kid out in the Potrero out of some money", took $190 in currency from his pocket, saying they would "hold it as evidence", and after driving him to the vicinity of the railroad freight sheds near Fourth Street forced him out of the automobile and drove away. Appellant, testifying in his own behalf, admitted that he accosted Rudden on the street and compelled him to enter an automobile, and that thereafter he took from him $76 in currency, but he denied having done so under the circumstances stated by Rudden. He claimed that during the noon hour on the day in question Rudden won $76 from him in a dice game in which a number of others played, immediately following which Rudden quit the game and drove away in his truck under the pretense that he had some deliveries to make at 1 o'clock; that as Rudden drove away appellant was told by a friend that Rudden used "crooked" dice in winning the money; that soon afterwards appellant and his friend overtook Rudden on the street, charged him with using "crooked" dice and asked to see them; that Rudden denied having any dice at all and was thereupon told to get in the automobile and "they would see whether or not he had any dice"; that as they drove away appellant searched Rudden and found the "crooked" dice in his pocket; that appellant then took the roll of currency Rudden was carrying in his pocket, counted out $76, saying: "This is mine," and handing the rest back to him, said: "The rest is yours"; following which they let Rudden out of the automobile. Rudden admitted playing in the dice game referred to by appellant, which it appears was carried on nearly every day by a number of men during the lunch hour, in a vacant lot on Beale Street between Howard and Folsom, and in which Rudden frequently participated; but he claimed that on this occasion he won only five dollars; and he denied using "crooked" dice, or that dice of any kind were found in his possession; moreover, he denied that appellant at any

time participated in the game, claiming that he had never seen appellant before and that he had been robbed of $190 under the circumstances stated by him.

The specific point made by appellant is that accepting Rudden's testimony as true it shows that the money was obtained by trick and device, which constitutes theft, and not by means of force or fear, which is essential to robbery. As will be noted, however, it appears from the evidence that although appellant and his companion compelled Rudden to enter their automobile by the use of the false pretense that they were officers, it was established beyond question that after he so entered, the money was taken from him by means of force and fear. Therefore the crime committed was robbery and not grand theft, and since no deadly weapon was used in its commission, it amounted only to robbery in the second degree. It follows, therefore, that the instruction complained of was proper and that the verdict conforms to the evidence.

At the conclusion of the evidence counsel then representing appellant asked for a continuance so that he might try to locate and have subpoenaed a man named Carmody. In support of the request counsel testified that he had been informed that Rudden told Carmody that appellant took from him only $76 of the money and returned the balance. It also appears from counsel's testimony, however, that he knew for some time about said witness but made no effort to locate him or to have him subpoenaed until the trial was nearly finished; furthermore it appears from counsel's testimony that even though a continuance were granted there was no probability of ever locating the witness, or if so that he could be found within a reasonable time. Therefore, the refusal of the court to grant a continuance under such circumstances, at the close of the evidence, cannot be said to have amounted to an abuse of discretion.

Complaint is made also of the action of the trial court in limiting the arguments to the jury to twenty minutes on each side. It does not appear, however, that such limitation deprived appellant of any substantial right. The evidence was brief, the taking of the testimony having consumed less than five hours. Counsel for appellant made no protest as to the time allotted when the order was made, and by thus limiting the arguments to forty minutes the

court was able to place the case in the hands of the jury a few minutes before the arrival of the noon hour on a Saturday. The decisions hold that it is within the discretion of a trial court to place reasonable restrictions on the arguments (*People* v. *Morrell*, 28 Cal. App. 729 [153 Pac. 977]) and in the light of the circumstances above stated there is no ground for holding here that the trial court abused its discretion. (*People* v. *Mendosa*, 178 Cal. 509 [173 Pac. 998].)

▓ After the district attorney finished his closing argument counsel for appellant asked: "Will your Honor give this instruction; and that is, that if the money was his [appellant's] he had a right to take it?" The court was justified in refusing so to do, first, because obviously an instruction in the words suggested by counsel would not have been a correct statement of law; and secondly, if counsel desired to have a complete and correct instruction upon the subject given he should have submitted the same in writing. (Pen. Code, sec. 1127.)

▓ Appellant further contends that the evidence is legally insufficient to sustain the finding of the jury that the charge of a previous conviction of robbery was true, and that therefore the district attorney was guilty of misconduct in assuming in his argument to the jury that appellant had been so previously convicted. Among the new sections added to the Penal Code in 1931 was section 969b, which provides that the records or copies of records of the penitentiary, when officially certified, are *prima facie* evidence of previous conviction and imprisonment. But in the present case, for some reason not shown by the record, the district attorney did not invoke the provisions of said section. Instead he introduced in evidence the judgment-roll of the superior court in the criminal action in which it was claimed the previous conviction was obtained, saying: "I offer in evidence the judgment roll in the case of People of the State of California against Edward Shayer, number 18153, showing that on the 4th day of September, 1928, Edward Shayer was convicted of the crime of felony, to wit: Robbery, and was thereupon sentenced to San Quentin in the Superior Court of the State of California, in and for the City and County of San Francisco, Department Number 6 thereof." And in this connection appellant argues that

the judgment-roll itself is legally insufficient to establish that he is the Edward Shayer named therein.

As pointed out in *State* v. *West*, 175 Minn. 516 [221 N. W. 903], and *Jacobs* v. *United States,* 24 Fed. (2d) 890 [58 App. D. C. 62], it is held in a number of jurisdictions that for the purpose of establishing prior convictions the introduction in evidence of a certified copy of the judgment of conviction, showing identity of names, will in itself be accepted as *prima facie* proof of identity of persons. But regardless of the rule followed in other jurisdictions, the record here shows that no objection was made to the introduction in evidence of the judgment-roll upon the ground that appellant was not the person named therein, nor upon any other ground; nor was any motion made at any time to strike it out. Furthermore, neither a copy of the judgment-roll itself nor the substance thereof is set forth in the record on appeal; consequently, aside from the legal requirements of the statute (Pen. Code, sec. 1207) enumerating the records that shall constitute a judgment-roll, we are not informed as to what particular facts were disclosed by the one here introduced. Admittedly the issue as to whether a defendant has been previously convicted of felony, as charged in the information, is one of fact to be determined by the jury the same as the issue of guilt, and in the present case, although appellant testified fully as a witness in his own behalf, he did not intimate then nor does he now that he is not the Edward Shayer named in said judgment-roll. In the foregoing state of the record we are not prepared to hold that the finding of the jury on this issue is lacking in evidentiary support.

The remaining assignment of error, relating to the impanelment of the jury, is expressly abandoned in appellant's closing brief. Therefore, since no ground for reversal has been found as to the other points urged, the judgment and order appealed from are affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 12, 1934.