[Crim. No. 4208. Second Dist., Div. Two. Oct. 21, 1948.]

THE PEOPLE, Respondent, v. JESSE E. YOUNG et al., Appellants.

Hanifin & Sease and Cletus J. Hanifin for Appellants.

Fred N. Howser, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

McCOMB, J.—After trial before a jury, defendants appeal from a judgment of guilty of assault by means of force likely to produce great bodily injury.

The evidence being viewed in the light most favorable to the People (respondent) discloses the following facts:

On the 18th of August, 1947, at Huntington Park, defendants and their wives entered a taxicab of the All-American Cab Company. The driver then drove them to the 3500 block on East Seventh Street in Los Angeles where his passengers got out of the cab. A dispute then arose over the fare resulting in a fight in which the driver, Boyd Caddell, testified that he was beaten over the head with a flashlight and kicked by defendants.

After being beaten Mr. Caddell was helped into his cab and he drove to a near-by filling station where he telephoned to the police. As a result of the blows he had received he bled from his nose, right eye, right ear, and his right jaw was broken. He was subsequently confined in a hospital for five days.

After defendants were found guilty the matter was referred to the probation officer for investigation and report in accordance with the provisions of section 1203, Penal Code. When this report came on for hearing the trial judge stated, "In view of the injuries inflicted on the victim of this crime, the defendants are ineligible for probation." The record fails to disclose, however, that at the time of the hearing the trial judge considered the report and made a statement that he had considered such report and filed the same with the clerk of the court as required by section 1203, Penal Code.

QUESTIONS PRESENTED FOR DETERMINATION

(i) *Rulings on the admission of evidence.*

*Did the trial court commit prejudicial error in its rulings on the admission of evidence?*

This question must be answered in the negative.

■ (a) On cross-examination of defendant Jesse Young the district attorney asked him, "When you and your brother chased Mr. Caddell in the direction the flashlight was thrown, did you see the flashlight after that?" To this question de-

fendants objected on the ground that there was no evidence that defendants had "chased" the complaining witness, Mr. Caddell. Mr. Caddell testified as follows: "A. Well, then I turned and started to run away from them. I got probably 15 steps away—— Q. Yes. A. And they ran after me and got me and kicked me." Defendant had stated, "So then my brother and I both ran after him and we all hit the ground about the same time."

The foregoing evidence was sufficient to support a finding that defendants chased the complaining witness and the court's ruling was correct.

■ (b) During the examination of the complaining witness the following questions were asked him: "Q. The next thing you knew you were struck by some instrument—— A. Yes, sir. Q. On the ear, you say? A. Yes, sir. Q. You know it was an object, but you do not know what it was? A. I couldn't say. Q. Your answer is you don't know? A. No, I don't, because I didn't see that weapon. Q. You didn't see the weapon? A. I didn't see that weapon. I didn't know anybody was going to hit me. . . . Q. Mr. Caddell, you said you were struck on the head with a weapon. Do you know what the weapon was? A. I couldn't say. I would make a guess it was a blackjack. Q. A blackjack? A. That is a guess. I don't know whether it was a blackjack, because I didn't see it."

Defendants moved to strike from the foregoing evidence the word "weapon" on the ground that it assumed a fact not in evidence. This objection was untenable. The complaining witness testified that he had been struck with an "object" which he believed was a blackjack. Such evidence clearly would sustain a finding that the complaining witness had been hit with a weapon, and the trial court's ruling was correct.

(ii) *Instructions.*
*Did the trial court commit prejudicial error in declining to give certain instructions proposed by defendants?*

This question must be answered in the negative. Defendants requested the following instructions which were refused:

■ (a) "You are instructed that you must not, under any circumstances, take into consideration the punishment that may be inflicted if you should find the defendants guilty. You are instructed that a person may defend his property as well as his person."

The foregoing instruction was properly refused by the

trial court for the reason that the last sentence of the instruction was a statement of an abstract principle of law calculated to mislead the jury and not based on any evidence received in the case. There was no testimony that any property of defendants or either of them was in jeopardy. Hence the instruction was properly refused.

 (b) "That no fact or circumstance can be used by you as a basis for any inferences of guilt against the Defendants, unless such fact or circumstance is proven beyond every reasonable doubt, and every fact or circumstance in the case, which is not so proven beyond a reasonable doubt, should be wholly dismissed from your consideration, and must not be permitted by you to influence you in any degree against the Defendants in your deliberations."

The substance of the foregoing instruction was fully covered in an instruction which was given to the jury by the trial judge, reading as follows: "A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to an acquittal, but the effect of this presumption is only to place upon the State the burden of proving him guilty beyond a reasonable doubt. Reasonable doubt is defined as follows: It is not a mere possible doubt; because everything relating to human affairs, and depending on moral evidence, is open to some possible or imaginary doubt. It is that state of the case which, after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction, to a moral certainty, of the truth of the charge."

The law is settled that it is not error to refuse a requested instruction if the subject matter thereof is substantially incorporated in the instructions given. (*People* v. *Barber,* 62 Cal.App.2d 206, 213 [144 P.2d 371].) This rule is applicable to the present situation.

(c) "You are further instructed that you must not suffer yourself to be prejudiced against the Defendants because of the fact that he is charged with this offense, and you must not permit yourself to be led to convict the Defendants for fear that an alleged crime may go unavenged, or unpunished, or for the purpose of deterring or preventing others from the commission of like offenses, or because of any sense of public duty. No such argument or reason can be sufficient

to justify you in laying aside that proper and most humane rule of the law, which says that you must acquit the Defendants unless every fact necessary to establish his guilt has been proven to you beyond a reasonable doubt.''

The subject matter of this instruction was fully covered in another instruction given by the court to the jury which reads in part as follows: ''You must not suffer yourselves to be biased against the defendants because of the fact that they have been arrested for this offense, or because an information has been filed against them or because they have been brought before the court to stand trial. None of these facts is evidence of guilt, and you are not permitted to infer or to speculate from any or all of them that they were more likely to be guilty than innocent. You are to be governed solely by the evidence introduced in this trial and the law as stated to you by me. The law forbids you to be governed by mere sentiment, conjecture, sympathy, passion, prejudice, public opinion or public feeling. Both the People and the defendant have a right to demand, and they do demand and expect, that you will conscientiously and dispassionately consider and weigh the evidence and apply the law of the case, and that you will reach a just verdict, regardless of what the consequences of such verdict may be.''

In view of the instruction given the trial court properly refused this requested instruction.

(d) ''The Defendants in this case have offered themselves as witnesses in their own behalf, and you are to judge their evidence by the same rules that you would that of any other witnesses. You have no right to disregard their testimony merely upon the ground that they are the Defendants; you should fairly and impartially judge his testimony, together with all other evidence in this case.''

This instruction likewise was properly refused for the reason that a general instruction as to the credibility of witnesses was given by the trial judge and thus the matter was fully covered. ■ It is established that a defendant testifying on his own behalf is placed in the same category as other witnesses and a trial judge should not single out the testimony of the defendant and make reference thereto. (*People* v. *Jeans*, 79 Cal.App. 464, 466 [249 P. 1089]; *People* v. *Brown*, 62 Cal.App. 96, 103 [216 P. 411].)

(e) ''A person who has been attacked and who is exercising his right of lawful self-defense is not required to retreat, and he not only may stand his ground and defend himself against

the attack but may also pursue his assailant until he has secured himself from danger if that course appears to him, and would appear to a reasonable person in the same situation, to be reasonably and apparently necessary; and this is his right even though he might more easily have gained safety by withdrawing from the scene."

Defendants' claim that the foregoing instruction was not given by the trial court is refuted by the record. Such instruction was given by the court and appears on page 14 of the clerk's transcript.

(f) "You are instructed that when the information charges that a defendant committed an assault by means of force likely to produce great bodily injury if the jury should find that he committed a simple assault but that he did not commit the assault by means of force likely to produce great bodily injury then you are instructed that such defendants may be found guilty only of the lesser offense, namely, simple assault."

This instruction was likewise properly refused for the reason that if defendants were guilty of any offense they were guilty of the crime charged and not of a simple assault. The law is established that where the evidence discloses either the commission of the crime of assault by means of force likely to produce great bodily injury or that defendant was not guilty, and there is an absence of evidence of simple assault, an instruction relative to simple assault is properly refused. (*People* v. *Lain*, 57 Cal.App.2d 123, 134 [134 P.2d 284]; *People* v. *Swist*, 136 Cal. 520, 524 [69 P. 223].)

(g) "You are instructed that the right of the defendants to use force on the person of Boyd Caddell at the time and place in question did not depend upon the question whether the said Boyd Caddell actually intended or attempted to inflict serious injuries upon the defendants. If the circumstances as they appeared to the defendants were such that a reasonable person in the position of the defendants would be justified in believing that the said Boyd Caddell had the ability to inflict serious injury upon the defendants, or either of them, and that the said Boyd Caddell intended to do so, then you are instructed that the defendants were justified in using such force as was reasonably necessary to defend their persons."

The subject matter of the foregoing instruction was given in another instruction which reads in part as follows: "The

kind and degree of force which a person may lawfully use in self-defense are limited by what a reasonable person in the same situation as such person, seeing what he sees and knowing what he knows, then would believe to be apparently necessary. Any use of force beyond that is regarded by the law as excessive. Although a person may believe that he is acting, and may act, in self-defense, he is not justified in using a greater degree of force than that permitted by the rule just stated to you.''

The instruction given conforms to the rule announced in *Vaughn* v. *Jonas*, 31 Cal.2d 586 [191 P.2d 432].

(h) ''You are instructed that the law doesn't measure the degree of force with a nice hand in that the defendants are not accountable for force slightly disproportioned to the assault.''

The substance of the foregoing instruction was given by the trial court to the jury in the following language: ''If a person is acting in lawful self defense he is not accountable if he uses force slightly disproportionate to the assault he is resisting but if he goes beyond this and uses force clearly not necessary to his defense the use of said excessive force is an assault for which he is accountable even though, up to the use of excessive force, he was acting in lawful self defense.''

(iii) *Hearing on the application for probation.*

■ *Was it prejudicially erroneous for the trial court to fail to comply with the requirements of section 1203, Penal Code?*

This question must be answered in the negative. Though it is error for the trial judge not to comply with the requirements of section 1203, Penal Code, such error is not prejudical where, as in the present case, defendants were ineligible for probation because of the fact that in the perpetration of the crime they had inflicted great bodily injury upon the prosecuting witness. (Pen. Code, § 1203.) Had the record disclosed that the trial judge had in fact complied with the.provisions of section 1203 of the Penal Code now under consideration by stating at the time of the hearing on the application for probation that he had considered the probation report and ordered such statement filed with the clerk of the court, it still would not have made any difference in the ultimate disposition of their application for probation since they were not eligible for probation. Therefore under article VI, section 4½ of the Constitution of the State of California such error not being prejudicial we must disregard it.

*(iv) Discretion exercised by the trial judge in denying probation.*

█ *Was there an abuse of discretion by the trial judge in denying defendants' application for probation?*

This question must likewise be answered in the negative. The evidence discloses that in the commission of the crime defendants inflicted great bodily injury on the prosecuting witness. Therefore under section 1203 of the Penal Code, which prohibits the granting of probation to a defendant who in the perpetration of a crime has inflicted great bodily injury, the trial court was without discretion to grant probation and properly denied defendants' application therefor.

In view of the fact that the record is free from error, the judgments are and each is affirmed.

Moore, P. J., and Wilson, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied November 18, 1948.