[Crim. No. 4300.   Second Dist., Div. Three.   Apr. 28, 1949.]

THE PEOPLE, Respondent, v. MATT SIMCICH,
Appellant.

Morris Lavine for Appellant.

Fred N. Howser, Attorney General, and Howard S. Goldin,
Deputy Attorney General, for Respondent.

SHINN, P. J.—Appellant was convicted in a jury trial
of three charges of violation of section 288 of the Penal Code.
He appeals from the judgments urging insufficiency of the
evidence to establish his guilt and error in the instruction of
the jury.

■ The victims were three girls, one 9 years of age and the other two aged 11. The scene of the offenses was a public park in the Arroyo Seco in the city of South Pasadena and the time was early on a Sunday afternoon. Defendant, over 60 years of age, was acquainted with one of the girls and with the members of her family, who had been his business customers. He met the three girls early in the afternoon in the park; there were a few other children playing there and one couple, a man and woman, who were lying on the grass. According to the testimony of the girls defendant, after conversing with them for awhile, suggested that he would go down the bank to the bed of a stream that ran through the park and that they should follow him; that he preceded them, motioned for them to come and that they joined him at a point near the bed of the stream. Each of the girls testified that defendant then engaged in conduct with her and with the other two which would constitute the offenses charged. The contention that the testimony given by the girls was inherently improbable and without evidentiary value cannot be sustained. Their accounts of the occurrence were stated intelligently, clearly and with a minimum of contradiction of the testimony which they had given at the preliminary examination. Moreover, although defendant denied having committed the acts of which he was accused, his testimony went far to corroborate that given by the prosecuting witnesses.

■ The jury was instructed to the effect that whether the children consented to the conduct was immaterial except as it might tend to show a circumstance in a whole set of circumstances to be considered in determining the innocence or guilt of the defendant. It is contended that evidence of consent or want of consent was highly material in determining the question as to the specific intent of the defendant. The claim is without merit. ■ An instruction was given which defined the offense in the language of the statute. It is contended that the court should have given an instruction defining the words "lewd and lascivious." In view of the evidence there was no necessity for such an instruction.

There is no merit in the appeal and the judgments are affirmed.

Wood, J., and Vallée, J., concurred.