[Crim. No. 6638.   Second Dist., Div. Two.   Nov. 18, 1959.]

THE PEOPLE, Respondent, v. MARCEL JAMES PICCIONELLI, Appellant.

John P. Tobin for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Respondent.

ASHBURN, J.—Defendant appeals from a conviction of violation of Penal Code, § 288,[1] lewd and lascivious conduct

---

[1]Penal Code, § 288: ''Any person who shall wilfully and lewdly commit any lewd or lascivious act including any of the acts constituting other

toward a child under the age of 14 years. The victim is a boy named Donald, aged 11 years at the time of the offense. The case is essentially one of fact though appellant, in addition to insufficiency of the evidence, claims error in refusal to give an instruction upon lesser and included offenses.

The only witnesses to the controlling facts are defendant and the boy. Their versions are squarely in conflict upon practically every cardinal fact. ■ The child's consent or want of consent is immaterial (*People* v. *Clark*, 117 Cal.App. 2d 134, 143 [255 P.2d 79]; *People* v. *Simcich*, 91 Cal.App.2d 524, 525 [205 P.2d 54]; 30 Cal.Jur.2d, § 11, p. 605). Donald was 12 years old at the time of trial. There were numerous inconsistencies and improbabilities in his testimony, such that court or jury well might have disbelieved him wholly or in part. This is likewise true of defendant's testimony and it was rejected by the triers of the facts, the jury being unanimous.

■ This case is controlled by the oft-stated rule found in *Grainger* v. *Antoyan*, 48 Cal.2d 805, 807 [313 P.2d 848]: "When a finding of fact is attacked on the ground that there is not any substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with the determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the finding of fact." (See also *People* v. *Daugherty*, 40 Cal.2d 876, 885 [256 P.2d 911].) ■ *People* v. *Carlson*, 73 Cal.App.2d 933, 940 [167 P.2d 812]: "Even testimony which is subject to justifiable suspicion does not justify a reversal of a judgment, for it is the exclusive province of the jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends."

The claim that there was no showing "that there was any intent to arouse sexual desires of the defendant or complainant boy" cannot prevail. ■ While proof of the specific intent prescribed by the statute is essential to a conviction, proof of this fact, like any other, may be made circumstantially (*People* v. *Jones*, 42 Cal.2d 219, 223 [266 P.2d 38]; *People* v. *Andrus*, 159 Cal.App.2d 673, 681 [324 P.2d 617]). ■ "The

crimes provided for in part one of this code upon or with the body, or any part or member thereof, of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, shall be guilty of a felony and shall be imprisoned in the State prison for a term of from one year to life."

intent may be betrayed by the nature of the act, or by any other circumstance that may tend to discover a wicked state of mind in the perpetrator with reference to the act. An act that has the outward appearance of innocence is sufficient if intended to arouse or gratify sexual desires in the child or the defendant, since in all cases the purpose of the perpetrator in touching the child is the controlling factor. ▮ It is not necessary to show that the sexual desires of the child, or of both child and defendant, were actually affected, since the gist of the crime is the intent and not its accomplishment. Whether the passions were actually aroused is immaterial, except as evidence of the intent with which the acts were committed.'' (30 Cal.Jur.2d, § 12, p. 605.) ▮ The child's testimony needs no corroboration. (*People* v. *Westek,* 31 Cal.2d 469, 473 [190 P.2d 9]; *People* v. *Andrus, supra,* 159 Cal.App.2d 673, 681.)

▮ Error is claimed in the failure of the trial judge to instruct upon lesser and necessarily included offenses, namely, contributing to the delinquency of a minor and disturbing the peace. No proper request was made for such an instruction. The record before us does not include the instructions but counsel seem to agree that the only written request (see Pen. Code, § 1127; *People* v. *Shayer,* 135 Cal.App. 755, 759 [28 P.2d 48]; *People* v. *Newton,* 108 Cal.App. 599, 602 [291 P. 853]) on the subject of included offenses is the one set forth in an appendix to appellant's opening brief. It reads: ''No. 115 JURY MAY CONVICT OF LESSER OFFENSE You may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, if, in your judgment, the evidence supports such a verdict under my instructions. To enable you to apply the foregoing instruction, if your findings of fact require you to do so, I instruct you that the offense of ................. of which the defendant is charged in the information, necessarily includes the crime(s) of ...................." The court was under no obligation to fill in the blanks. It properly could disregard the request. Without proper written request the court was not required to instruct on the subject (see *People* v. *Wilder,* 151 Cal.App.2d 698, 707-708 [312 P.2d 425]; *People* v. *Clark, supra,* 117 Cal.App.2d 134, 141; *People* v. *Dunlop,* 79 Cal.App.2d 207, 211 [179 P.2d 658]; *People* v. *Zabel,* 95 Cal.App.2d 486, 489 [213 P.2d 60]).

▮ While contributing to the delinquency of a minor is an offense included within the instant charge under § 288,

Penal Code (*People* v. *Wilder, supra,* 698, 707), breach of the peace does not come within that category. (*Cf.* Pen. Code, § 415; *People* v. *Anderson,* 117 Cal.App.Supp. 763, 767 [1 P.2d 64]; *People* v. *Vaughan,* 65 Cal.App.2d Supp. 844, 849 [150 P.2d 964]; 9 Cal.Jur.2d, § 2, p. 17; Restatement of Torts, § 116, p. 246.) Certainly the judge was not obligated to decide for appellant's counsel which of the two offenses should be mentioned in the proffered instruction; especially is this true when the matter is viewed in the light of the position taken by defense counsel in the following passage: "THE COURT: Do you think in this case the Court should give a form of verdict in respect to contributing? MR. FITTS: [Deputy District Attorney] I think not, under the evidence elicited. THE COURT: In other words, it is this or nothing? MR. FITTS: Yes. THE COURT: I am inclined to believe that is true, but I will give that matter further consideration. MR. TOBIN [Defense Counsel] In my opinion I think disturbing the peace is included in the offense and contributing is included in the offense."

The court's reference to "this or nothing" obviously means guilty of the graver charge or acquittal, with no room left for conviction of a lesser offense. ██ The law is well settled that the lesser offense instruction should not be given where the defendant is guilty of the offense specifically charged or is entitled to an acquittal. (*People* v. *Wilder, supra,* 151 Cal. App.2d 698, 708; *People* v. *Romersa,* 111 Cal.App.2d 173, 177 [244 P.2d 98]; *People* v. *Young,* 88 Cal.App.2d 129, 135 [198 P.2d 384]; *People* v. *Ray,* 162 Cal.App.2d 308, 312 [328 P.2d 219]; *People* v. *Stewart,* 109 Cal.App.2d 334, 341 [240 P.2d 704]; *People* v. *McCoy,* 25 Cal.2d 177, 187 [153 P.2d 315].)

██ Defendant testified that he did not touch the person of Donald; if that were found to be true he was entitled to an acquittal, for the "only requirement is a touching with lustful intent." (*People* v. *Coontz,* 119 Cal.App.2d 276, 279 [259 P.2d 694].) See also 30 Cal.Jur.2d, § 10, page 604. There was no error in failing to instruct upon the subject of included offenses.

The judge found defendant is not a sexual psychopath, suspended further proceedings and placed him on probation for three years. Defendant's appeal is taken pursuant to Penal Code, § 1237, subdivision 1, which provides that an order granting probation shall be deemed to be a final judgment for purpose of appeal.

██ In addition to his appeal from the judgment appel-

lant also filed a notice of appeal from the order denying a new trial. This order was made on September 18, 1958, and the notice of appeal was filed on December 22, 1958, more than three months after the order, but it was filed seven days after granting of probation and was timely under rule 31(a) of Rules on Appeal. The record discloses no abuse of discretion or other error in denying a new trial.

Judgment (order granting probation) and order denying new trial affirmed.

Fox, P. J., and Herndon, J., concurred.