[Crim. No. 1082. Third Appellate District.—June 12, 1929.]

THE PEOPLE, Respondent, v. P. G. BARNETT, Appellant.

E. L. Webber for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The appellant was tried upon an information containing two counts, count number one charging the defendant with the crime of rape, in that he had sexual relations with a female under the age of fourteen years, not his wife, and count number two charging the defendant with lewd and lascivious conduct with a female, not his wife, and under the age of fourteen years, etc. Conviction was had upon the second count. The defendant's motion for a new trial being denied, an appeal has been taken to this court.

Upon being arraigned upon the information referred to, the appellant interposed the following motion:

"Now comes the defendant above named and moves the court to set aside the second count of the information filed against him herein upon the following grounds, to-wit: 1. That the complaint or deposition against this defendant filed in the Justice's Court of Hot Springs Township, on or about the 20th day of December, 1928, charged the defendant with 'unlawfully and feloniously having an act of sexual intercourse with Roberta Salmon, a female, then under the age of eighteen years, and not the wife of said P. G. Barnett,' and did not charge the defendant with lewd and lascivious conduct as set forth in the second count of the information filed in this court, and that the testimony taken upon the preliminary examination was taken upon the charge set forth

in the complaint or deposition filed with the Justice of the Peace, namely the charge of rape.

"Wherefore defendant prays that said second count of said information be dismissed.

"(Signed) E. L. WEBBER,

"Attorney for Defendant."

This motion was denied, and upon this appeal it is alleged that the court erred in so doing.

It will be observed that, in making the motion referred to, no attempt is made to comply with the provisions of section 995 of the Penal Code, that is, the motion is not, apparently, based upon any of the provisions therein contained. The appellant, apparently, relies upon the point that, as the complaint filed before the committing magistrate charged the defendant only with the crime of rape, and that after an examination was had, the defendant was bound over to answer the charge of rape, the district attorney had no legal authority to incorporate in the information filed against the appellant the charge of lascivious conduct.

The notice of motion to which we have referred makes no reference to the testimony taken upon the preliminary examination. However, the record shows that upon the hearing of the motion, by stipulation the testimony taken upon the preliminary examination of the defendant was presented to the trial court and used upon the hearing of the motion. An examination of this testimony shows beyond any controversy whatever a proper basis for charging the defendant with the offense set forth in the second count of the information, and upon which the defendant was convicted. We do not wish to tarnish the records of our official reports with a recital of the testimony, and content ourselves with the statement that a cursory reading thereof is sufficient to disclose a basis for the second charge contained in the information. This being true, section 809 of the Penal Code is applicable, where it provides that after a person has been bound over, following a preliminary examination, the district attorney must within fifteen days, file an information in which he may charge the offense named in the complaint filed before the committing magistrate, and upon which the defendant has been bound over, and may also, in the language of the section, "charge the offense, or offenses, named in the order of commitment, or any offense, or offenses,

shown by the evidence taken before the magistrate to have been committed.''

The argument is made by appellant that he was taken by surprise, by reason of the second count in the information, but, there is nothing in the record which shows that the defendant did not have ample opportunity to present any defense which he had. It may be here stated that the evidence taken upon the preliminary examination disclosed to the defendant, the same as it did to the prosecuting officers, the different offenses, or the several offenses, with which the defendant might be charged, including the two offenses with which he was charged.

As the defendant was acquitted of the crime of rape contained in the first count and found guilty of lewd and lascivious conduct, as charged in the second count, it is argued that the defendant has been deprived of his constitutional rights by reason of the fact that the original complaint charged him with the crime of rape, whereas, the information upon which he was tried, charged him also with lascivious conduct, upon which he was convicted, and that the jury must have been misled, or labored under the impression that they were finding the defendant guilty of a lesser offense, and for which only a lesser punishment might be inflicted. It is true that under section 264 of the Penal Code, upon a charge of rape involving the circumstances here presented, a jury trying the case, have the right to impose only a jail sentence, whereas under section 288 of the Penal Code the jury is given no power in relation to the punishment to be imposed upon one found guilty of lascivious or lewd conduct, etc., and that the penalty provided by that section may extend from one year to life imprisonment. While the sections of the code do present the anomaly of one convicted of the crime of rape being given a less severe punishment than one convicted of lewd and lascivious conduct, it is a matter with which courts have nothing to do. Whatever injustice or incongruity there may be between the two sections relating to punishment can be adjusted only by the legislature, and there is the place for appellant to present his argument in relation thereto.

While the appellant makes some argument as to the sufficiency of the testimony to support conviction, such contention is not tenable, as clearly appears from a reading of

the transcript of the evidence taken upon the appellant's trial. This evidence, like that taken at the preliminary examination, is of such a character that it ought not to be incorporated into the official reports of any court, and for that reason we content ourselves with the statement that there is ample testimony to justify the finding of the jury that the defendant was guilty not only of the offense with which he was charged in the second count, but that the jury might also well have found the defendant guilty of the crime of rape.

Objection is also taken that the time of the offense was not sufficiently fixed. It appears from the record that the offense of which the defendant was found guilty was one occurrence, and that occurrence was during the month of July, 1928. The child involved was not able to give the date, but did give the month and all and singular the circumstances relating thereto, and all of which was clearly disclosed, not simply by the testimony given upon the trial, but also in the testimony given at the preliminary examination, so that the defendant knew the acts and the circumstances surrounding their occurrence with sufficient definiteness as to time to meet the issue with a defense, if any defense thereto existed.

Objection is also made to the exclusion of testimony of one witness called by the defendant to testify as to the reputation of the girl involved in this case. A reading of the testimony shows beyond controversy that no foundation was laid for the admission of this testimony, and the court's ruling was absolutely correct.

It is finally urged that the court erred in refusing to give certain instructions requested by the appellant, and, also, in modifying certain instructions. The first error alleged is in modifying instruction number 2, requested by the defendant. That instruction is as follows: "I instruct you that our courts have repeatedly mentioned the fact that a charge of this character is one easily made and once made difficult to disprove, no matter how innocent a defendant may be, and that the jury should therefore weigh the testimony of the female with great caution and be satisfied beyond all reasonable doubt as to the guilt of the defendant, from all the evidence introduced in the case."

The instruction to this extent was given. The requested instruction continued as follows: "and if the jury or any individual juror entertains a reasonable doubt as to the defendant's guilt, it will be the duty of the jury or such individual juror to vote the acquittal of the defendant."

Complaint is made as to the refusal of the court to give the latter portion of the instruction. However, an examination of the record discloses that the court elsewhere did give the following instruction: "In criminal cases the law requires a concurrence of twelve minds in the conclusion of guilt before a verdict of guilty can be legally rendered. Every member of the jury must be satisfied beyond a reasonable doubt of the guilt of the defendant."

This instruction properly gives all that portion of the requested instruction which was eliminated by the trial court.

■ Appellant's next objection is to the action of the court in striking from defendant's proposed instruction the following words: "and likely to be influenced very easily by older minds," and, also, the words "and acquit him." The instruction as requested reads: "I instruct you that the witness Roberta Salmon is a child of immature years and likely to be influenced very easily by older minds, and that if you entertain any reasonable doubt as to the truth of her testimony, it will be your duty to give to the defendant the benefit of the doubt and acquit him."

The words "and acquit him," as eliminated by the trial court, added nothing to the meaning of the instruction and the words "and likely to be influenced very easily by older minds," were properly stricken from said instruction as being a mere argument addressed to the jury. ■ The court having instructed the jury as to the credibility of witnesses and, also, that the jury was the exclusive judge of the facts, appellant's requested instruction No. VII as to the weight and consideration to be given to the testimony of the defendant was properly refused. (See *People* v. *Heath*, 79 Cal. App. 20 [248 Pac. 1027], *People* v. *Jeans*, 79 Cal. App. 464 [249 Pac. 1089], and *People* v. *Brown*, 62 Cal. App. 96 [216 Pac. 411].)

It is not necessary to discuss further the refusal of the court to give other instructions requested by the defendant, further than to say that, a reading of the instructions given by the trial court shows that the jury was fully and com-

pletely instructed. It may also be added that the defendant had the benefit of instructions relative to cautioning the jury as to the testimony of the complaining witness to which the defendant was not entitled. The court in several instances cautioned the jury as to acting upon such testimony. One of the instructions was in this language:

"I instruct you that our courts have repeatedly mentioned the fact that a charge of this character is one easily made and once made difficult to disprove, no matter how innocent a defendant may be, and that the jury should, therefore, weigh the testimony of the female with great caution and be satisfied beyond all reasonable doubt as to the guilt of the defendant from all the evidence introduced in the case," and again the jury was cautioned by the following instruction:

"You are instructed to carefully scan and scrutinize all of the evidence of the prosecutrix in this case and, if you find that her evidence lacks corroboration in any material particular, it is your duty to act upon such evidence with great caution."

A third instruction of like tenor was also given to the jury relative to the testimony of the prosecutrix. After having instructed the jury in general terms that they were the sole judges of the fact and the credibility of the witnesses, it has frequently been held that it is improper to single out any particular witness and caution the jury as to how such testimony should be weighed. (8 Cal. Jur. 356, sec. 394; *People* v. *Brown, supra,* and cases there cited.)

In several instances the jury were instructed that the defendant could not be found guilty of the charge embraced in count number two, unless they were satisfied beyond a reasonable doubt of the defendant's guilt. As the defendant was found not guilty on count number one, it is unnecessary to consider the appellant's objection in relation thereto, further than to say such instructions would have no bearing upon the charge upon which the defendant was found guilty.

Appellant likewise objects to the ruling of the court in excluding an affidavit of a deceased witness. We do not need to cite authorities to show the correctness of the court's ruling in this particular. Its correctness is self-evident.

The same is true of the objection made by the appel-

lant in relation to the court permitting the district attorney to ask leading questions of the prosecutrix. Under the circumstances disclosed in this case, it has been frequently held that the allowance of such questions is within the discretion of the court. (*Moran* v. *Abbey,* 63 Cal. 56; *People* v. *Clary,* 72 Cal. 59 [13 Pac. 77].) Other cases might be cited but these are sufficient.

The order and the judgment of the trial court are affirmed.

Thompson (R. L.), J., and Finch, P. J., concurred.