[Crim. No. 2863. Second Appellate District, Division One.—July 31, 1936.]

THE PEOPLE, Respondent, v. EMANUEL SHUTLER, Appellant.

M. G. MacNeil for Appellant.

U. S. Webb, Attorney-General, and John O. Palstine, Deputy Attorney-General, for Respondent.

SHINN, J., *pro tem.*—Defendant appeals from a judgment of conviction of violation of section 288 of the Penal Code.

By complaint filed in the municipal court, defendant was charged in separate counts with the crimes of kidnaping, rape and violation of section 288 of the Penal Code. He was committed only upon the charges of kidnaping and rape, was charged with those crimes by information, and entered a plea of not guilty. At the commencement of trial the district attorney, with leave of court, filed an amended information accusing the defendant of the additional crime of violation of section 288 of the Penal Code. The crimes were alleged to have been committed upon a single day and the victim of the alleged kidnaping under one of the counts, and the alleged rape, was the same female child named in the added count of the information. He was acquitted of rape and convicted of a violation of section 288 of the Penal Code. The other counts were dismissed.

The first contention on appeal is that the amendment of the information was unauthorized after defendant had entered his plea.

Section 1008 of the Penal Code authorizes the amendment of an information by the district attorney without leave of court before the plea of the defendant has been entered. It also authorizes an amendment after plea has been entered and at any stage of the proceeding "for any defect or insufficiency" in the information. If, therefore, the information, in failing to charge the defendant with a violation of section 288 of the Penal Code, was defective or insufficient, its amendment was authorized, and defendant's first point is not well taken. What is meant by "insufficiency"? In answering this question it is necessary to inquire into the purpose of the legislature in making in 1927 certain changes in procedure in criminal cases. Prior to 1927, by the terms of section 809 of the Penal Code, a defendant could be charged by information only with such offense or offenses as were stated in the commitment of the committing magis-

trate. By amendment of the section in that year, authority was given to the district attorney to charge a defendant by information with any offense or offenses shown by the evidence taken before the magistrate to have been committed. This broader authority has been uniformly sustained. (*People* v. *Barnett,* 99 Cal. App. 409 [278 Pac. 885] ; *People* v. *Wyatt,* 121 Cal. App. 180 [8 Pac. (2d) 901] ; *People* v. *Malowitz,* 133 Cal. App. 250 [24 Pac. (2d) 177].) Before 1927, amendment of an information was allowed under section 1008 of the Penal Code, in the discretion of the court, after plea had been entered, where it could be done without prejudice to the substantial rights of the defendant. There was therefore no authority to amend where the substantial rights of the defendant would be prejudiced. Subject to this limitation, there was authority to amend an information, after plea, in matters of substance, even though an additional offense was charged, unless the amendment attempted to charge an offense not shown by the evidence taken at the preliminary examination. This was expressly decided in *People* v. *Chober,* 29 Cal. App. 627 [157 Pac. 533], and in *People* v. *Thal,* 61 Cal. App. 48 [214 Pac. 296]. By an amendment of that section in 1927 it was provided that if the amendment prejudiced the substantial rights of the defendant, a reasonable continuance might be granted, and it was provided also that if the defect or insufficiency was one that could not be remedied by amendment, the proceeding should be dismissed and, under the direction of the court, a new information might be filed. The clear purpose of the amendment of the two sections was to provide a more simple procedure under which a defendant could be charged with and tried for any offense shown by the evidence before the magistrate to have been committed. Defendant contends that the amendment of section 1008 was a limitation of the former authority of the court to allow amendment of an information after plea, that is to say, that the power is less broad than it was before the amendment. We cannot agree with this view. Before the two sections we have referred to were changed, no amendment could have been made so as to charge an offense not shown by the evidence or an offense not named in the commitment, and no amendment could have been allowed to the prejudice of a defendant's substantial rights. As we construe the amendment of sec-

tion 1008, the authority to amend informations was considerably broadened. We do not doubt that the district attorney was intended to have as broad powers to amend an information as he had to frame it in the beginning, namely, so as to charge any offense shown by the evidence. This he could do before plea without leave of court, and we are satisfied that such an amendment could be made after plea with leave of court. The amendment of section 1008 made it possible to amend informations in matters of substance affecting the defendant's substantial rights, which could not have been done before the section was amended. But in order· to preserve the rights of the defendant, a continuance was provided for, no such provision having been contained in the former section. Furthermore, it was provided that a prosecution should not fail because of an insufficiency of the information discovered during the trial, which could not be cured by amendment, the section providing that in such a case the proceedings shall be dismissed and, if the court directs it, a new information shall be·filed.

It was said in the Thal case, *supra*, ''Section 1008 of the Penal Code, providing for the amendment of informations after plea, permits by implication at least such amendments to be made, charging such offenses as are shown by the evidence taken at the preliminary examination to have been committed.'' If this was true under the former section, where no right of continuance was provided for, it is no less true under the present section, which permits of a continuance for the purpose, no doubt, of affording the defendant an opportunity to avail himself of all procedural rights which he had with reference to the original information. We are unable to discover any reason why, when the defendant's rights are fully protected, he may not be charged by amended information with additional offenses shown by the evidence to have been committed. Section 1008 inferentially allows this to be done. The prosecution is not to fail because of the insufficiency of the information, for a new information may be filed, but this procedure may be followed only in case the original information cannot be amended. The allowance of the amendment was entirely in harmony with the purpose of the new procedure and with its letter as well. In other words, if the district attorney, in drafting

an original information, fails to charge one or more of the offenses shown by the evidence, such information, even though sufficient as to the offenses charged, becomes insufficient within the meaning of section 1008 if and when the district attorney seeks to charge the defendant with offenses shown by the evidence to have been committed but which were not included in the original information. It is our opinion that an information is sufficient within the meaning of that section only when it states facts sufficient to place a defendant on trial for all offenses properly lodged against him by the district attorney, and that it matters not whether such insufficiency becomes apparent and whether the information is made sufficient before or after the defendant has entered his plea.

The defendant in the present case, while objecting to the amendment of the information, did not seek an opportunity to demur to the same, nor ask time in which to plead, but elected to go ahead with the trial.

Before concluding our discussion of this point, we should notice the argument of the defendant to the effect that the Chober case, cited *supra*, was one in which the information was amended to charge assault with a deadly weapon so as to conform to the commitment, whereas the original information charged assault with a deadly weapon with intent to murder, the former offense being included within the latter. In the Thal case the count added by amendment was that of issuing a fictitious check, and the facts with reference to the check had been pleaded in the original information, which charged the defendant with obtaining property by false pretenses by means of the fictitious check. The identity of the offenses charged in the Chober case, and the identity of facts pleaded in the original information in the Thal case, were treated as important facts in the decision of the question whether the amendments after plea had been properly allowed. We do not believe, however, that these facts detract from the force of those decisions, although they were important there because the amendments had been allowed at a time when section 809 of the Penal Code limited the charges that might be made by information to those shown in the commitment, and thus necessarily limited to the same extent the offenses which might be added to the information

by amendment. The ground of objection to the amendment of the information which we have discussed is untenable.

■ The further contention of defendant is that the refusal of the magistrate to commit him for violation of section 288 was a determination that the evidence did not show the commission of that offense, and that therefore it could not be charged by information. The evidence taken at the preliminary examination is not before us. It was before the trial court and was found to be sufficient to warrant the charge of the additional offense. We cannot presume that the court erred in so holding. (*People* v. *Thal, supra.*) To give to the commitment the effect for which defendant contends would place in the magistrate the authority denied him and expressly conferred upon the district attorney and the trial court by amended section 809 of the Penal Code, namely, the authority to charge a defendant with any offense shown by the evidence to have been committed. (*People* v. *Bird,* 212 Cal. 632 [300 Pac. 23].) The defendant has shown no irregularity in the amendment of the information.

The judgment appealed from is affirmed.

Doran, J., concurred.

HOUSER, P. J., Dissenting.—I dissent; the reason therefor being that in my opinion the foundational statute is unconstitutional.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 27, 1936.