[Crim. No. 4658. In Bank. Nov. 9, 1945.]

THE PEOPLE, Respondent, v. FRANK E. TALLMAN, Appellant.

Forrest A. Betts and Wm. J. Currer, Jr., for Appellant.

Robert W. Kenny, Attorney General, and Carl S. Kegley, Deputy Attorney General, for Respondent.

GIBSON, C. J.—While on her way to school a fourteen-year-old girl was grabbed by a man as she walked through a hole in a hedge that surrounded the school grounds. The offender placed one of his hands under her skirt and his other hand was upon her body outside of her clothes. The child pulled herself free and ran to the school. On the following morning, at the same place and at approximately the same time a man committed a similar attack on a second school girl. She likewise pushed or kicked herself free and as the man departed from the scene in an automobile the girl's companion repeated the license number, which the girl then wrote on the cover of one of her books. Three days later defendant was traced through this license number and identified by the girls in a police line-up. Upon the trial, the girls also pointed to defendant as their assailant and described and identified his automobile as the one in which he had approached and departed from the scene of the offenses. The school book on which the license number had been inscribed was also introduced in evidence.

The jury rejected defendant's claim that he was elsewhere at the times in question and convicted him on two counts of simple assault, lesser offenses included in those charged against him. He was sentenced to serve six months in the county jail on each count, the sentences to run consecutively.

The verdicts are amply supported by the evidence and

its sufficiency is not challenged by defendant. His first contention concerns the manner in which he was charged by the information filed by the district attorney. It appears that following his preliminary examination defendant was held to answer on two counts (one with respect to each girl) of assault with intent to commit rape. An information charging these offenses was thereupon filed and upon his arraignment defendant pleaded not guilty. Before the commencement of trial, however, the district attorney was permitted, over defendant's objection, to file an amended information and the trial was continued to a later date. As amended, the information contained six counts and also charged a prior felony conviction of larceny which defendant admitted. The six counts describe three offenses against each of the two girls involved and all relate to the two occurrences above mentioned which were the subject of the evidence produced at the preliminary hearing. The amended information charged assault with intent to commit rape in counts 1 and 4; attempted rape in counts 2 and 5; and assault by means of force likely to produce great bodily injury in counts 3 and 6. Inasmuch as defendant was acquitted on four counts (1, 2, 4 and 5) we need not concern ourselves with them.

Defendant contends that the evidence at the preliminary examination showed at the most two offenses of simple assault, a misdemeanor, and that it was therefore improper to permit the filing of the amended information charging the offense of assault with force likely to produce great bodily injury, a felony. ■ It is settled that the offense of assault with force likely to produce great bodily injury (charged in counts 3 and 6) may be perpetrated by means of the hands alone. (*People* v. *Hinshaw*, 194 Cal. 1, 14-18 [227 P. 156]; *People* v. *Bumbaugh*, 48 Cal.App.2d 791, 796-797 [120 P.2d 703]; see, also, *People* v. *McIlvain*, 55 Cal.App.2d 322, 331 [130 P.2d 131].) ■ The evidence taken at the preliminary examination which was before the trial court when it permitted the filing of the amended information, disclosed that defendant seized his victims and moved his hands in a clawing manner over their bodies. In order to support the filing of a charge the evidence before a committing magistrate need not require conviction but is adequate if it appears that a public offense has been committed and there is sufficient cause to believe defendant guilty thereof. ■ The evidence taken at the preliminary hearing supports the filing of the charges contained in counts 3 and 6.

■ This brings us to a consideration of the question whether the court erred in allowing the information to be amended to add the two counts charging assault with force likely to produce great bodily injury. Section 1008 of the Penal Code governs the amendment of an information. It permits an amendment without leave of court at any time before the defendant pleads. At any stage of the proceeding, however, the court may order an amendment for any defect or deficiency unless the substantial rights of the defendant would be prejudiced, in which event a reasonable continuance is to be allowed. An information is deficient within the meaning of section 1008 so as to permit of its amendment, when it fails to charge one or more of the offenses shown by the evidence at the preliminary examination. (*People* v. *Shutler,* 15 Cal.App.2d 704, 708 [59 P.2d 1050].) The section forbids, however, an amendment which charges "an offense not shown by the evidence taken at the preliminary examination." Here, as already shown, the addition of counts 3 and 6 by amendment charged only offenses covered by the evidence produced at the preliminary hearing. They were offenses against the same girls named in the original information and were predicated upon their testimony as to the same two occurrences which underlay the charges set forth in the original information. The defendant was not caught unawares, since the evidence taken upon the preliminary examination disclosed the offenses with which he might be charged.

■ It is established that the provision of the section allowing an amendment of an information so as to add an offense shown by the evidence at the preliminary examination, does not violate a defendant's constitutional rights. (*People* v. *Foster,* 198 Cal. 112, 119-121 [243 P. 667] ; *People* v. *Shutler,* 15 Cal.App.2d 704, 705-708 [59 P.2d 1050] ; *People* v. *Roth,* 137 Cal.App. 592, 607-608 [31 P. 813] ; see, also, *People* v. *Bird,* 212 Cal. 632, 638 [300 P. 23].) Section 809 of the Penal Code which governs the filing of an original information was amended in 1927 to make it conform to section 1008 governing the filing of an amended information. As amended, section 809 provides in part that the original information "may charge the offense, or offenses, named in the order of commitment, or any offense, or offenses, shown by the evidence taken before the magistrate to have been committed." This section likewise has been held to do no violence to either federal or state constitutional provisions. (*People*

v. *Bird,* 212 Cal. 632, 636-645 [300 P. 23] ; *People* v. *Sanders,* 102 Cal.App. 237, 239-246 [283 P. 136] ; *People* v. *Malowitz,* 133 Cal.App. 250, 260 [24 P.2d 177].) All that has been said from the standpoint of constitutional interpretation to support the validity of section 809 of the Penal Code may be urged with like force to sustain section 1008. In other words, if the district attorney may with propriety file an information charging an offense shown by the evidence taken at the preliminary hearing even though the defendant was not bound over or committed therefor, he may with equal propriety amend an information to charge an offense shown by the evidence at the preliminary examination even though not set forth in the order of commitment or in the original information.

Defendant next contends that prejudicial error occurred during the cross-examination of an expert witness called by the defense. The expert, a woman doctor, in answer to a hypothetical question testified that the incidents or occurrences related by the girls might be traceable to hallucinations, stating that her experience caused her to believe that in many of such cases the crimes had no foundation in fact but were the figment of the adolescent mind disturbed by a developing sex-consciousness. On cross-examination by the district attorney, the doctor testified that a man might seek sexual gratification under circumstances similar to those disclosed by the prosecution evidence or by exhibiting himself without touching the other person, and if an adolescent girl stated that she was involved in some such experience, it would not necessarily follow that her statement was the result of an hallucination. It is urged that since the direct examination of the witness was limited to the reactions of a girl and the cross-examination called for an opinion with respect to the conduct of a man it went beyond the direct examination and was improper. The cross-examination had a direct bearing on the credibility of the witness and upon the weight to be given her testimony. A wide latitude is permitted in the cross-examination of an expert witness in all matters tending to test his credibility so that the jury may determine the weight to be given the testimony, and an expert who has testified in answer to hypothetical questions may be cross-examined by the opposing party by means of hypothetical questions in order to ascertain his knowledge of the matters about which he gave an opinion. (*McFadden* v. *Santa Ana etc. Ry. Co.,* 87 Cal. 464, 470 [25 P. 681, 11 L.R.A. 252] ; *People* v. *Hill,* 116 Cal. 562, 567 [48 P. 711] ; 8 Cal.Jur. 163,

§ 243; see, also, 2 Wharton's Criminal Evidence (11th ed.) 1784-1785, § 1023.)

Defendant contends that prejudicial error was committed by the trial court in the giving and refusing of instructions. It is asserted that there is no substantial difference between the instruction defining simple assault and the one defining the greater offense of assault with force likely to produce great bodily injury. The offense of simple assault was correctly defined (Pen. Code, § 240; *People* v. *Bradbury,* 151 Cal. 675, 676-677 [91 P. 497]), and since defendant was found guilty of that offense, he obviously was not prejudiced by any asserted similarity between the instruction on simple assault and the one defining assault with force likely to produce great bodily injury.

It is further argued that the court erred in refusing a requested instruction to the general effect that if a reasonable doubt exists as to the identification of the defendant it must be resolved in his favor. The court fully instructed the jury on the subject of reasonable doubt and defendant was not prejudiced by the failure to give the proposed instruction.

Defendant finally contends that the trial judge and the district attorney were guilty of misconduct in making certain remarks which assertedly tended to disparage him and his attorney in the minds of the jurors. We find nothing in the remarks complained of which was prejudicial to the rights of defendant or resulted in a miscarriage of justice.

The appeals from the order denying the motion in arrest of judgment and from the sentence are dismissed. (Pen. Code, § 1237.) The judgment and order denying a new trial are affirmed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Appellant's petition for a rehearing was denied November 29, 1945.