[Crim. No. 4940.   Second Dist., Div. One.   Mar. 23, 1953.]

THE PEOPLE, Respondent, v. STELLA GONZALES et al., Defendants; ERNIE CRUZ, Appellant.

Ernest Best for Appellant.

Edmund G. Brown, Attorney General, and Michael J. Clemens, Deputy Attorney General, for Respondent.

DRAPEAU, J.—Defendant was convicted by a trial judge of two counts of unlawful possession of narcotics—marihuana and heroin.   He appeals from a "sentence" that he be confined in the county jail for one year; time to be served concurrently as to both counts.   He also appeals from an order denying his motion for a new trial.

Defendant and his fiancée were arrested while riding in an automobile. Heroin and marihuana were found upon the

person of the lady when she was searched at the police station.

She first said the narcotics were hers. Then she said they were defendant's. Defendant said they were his.

On the trial the lady testified that the narcotics were hers, and defendant testified to the same effect. But the judge did not believe them.

Defendant argues that because the narcotics were in the actual possession of his fiancée he could not be guilty of possession, that his admission was secured by promise of immunity by the arresting officers, and that the evidence fails to establish that he knew that the articles were narcotics.

Each argument is without merit.

■ Possession may be constructive as well as actual. And it is for the trial court to draw the inference. (*People* v. *Graves,* 84 Cal.App.2d 531 [191 P.2d 32].)

■ The officers denied making any promises to defendant. Their testimony was sufficient to support the finding that no promises were in fact made. In such circumstances this court will not reverse such a finding. (*People* v. *Sparks,* 82 Cal.App.2d 145 [185 P.2d 652].)

■ And the finding of guilty controls defendant's argument that the proof failed to establish that he knew the heroin and marihuana were narcotics. (*People* v. *Gory,* 28 Cal.2d 450 [170 P.2d 433].)

■ In each instance the evidence supports the finding of the trial court; and in each instance it is to be remembered, as has so often been said, that the finding of the trial court will not be set aside if the evidence is legally sufficient to uphold it. (*People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778].)

The order denying motion for new trial is affirmed. The appeal from the sentence is dismissed. (Pen. Code, § 1237; *People* v. *Tallman,* 27 Cal.2d 209, 215 [163 P.2d 857].)

White, P. J., and Doran, J., concurred.