[Crim. No. 6209.   In Bank.   May 28, 1958.]

THE PEOPLE, Respondent, v. FRANK WILLIAM WHITE, Appellant.

Horace N. Freedman and Daniel M. Herscher, under appointment by the Supreme Court, for Appellant.

Edmund G. Brown, Attorney General, Elizabeth Miller and Joe J. Yasaki, Deputy Attorneys General, for Respondent.

GIBSON, C. J.—Frank William White, Todd Conover and Harry Hanick were charged with the possession of narcotics in violation of section 11500 of the Health and Safety Code. Conover and Hanick pleaded guilty. Thereafter White was tried by a jury and found guilty. He has appealed, claiming that the trial court erred in failing on its own motion to instruct the jury that certain hearsay testimony was admitted for a limited purpose, that the prosecuting attorney was guilty of misconduct in commenting on the hearsay testimony, and that the judgment of conviction is not supported by the evidence.

Hanick, a known user of narcotics, was followed by police officers to an apartment which was shared by appellant and Conover. The officers questioned Hanick as he left the apart-

ment house, and he was arrested after admitting he had narcotics in his possession. Conover, who was also arrested as he left the building, directed the officers to a potted plant in his bedroom where they found equipment ordinarily used in administering narcotics and to a watch box on his dresser where the officers found a capsule of heroin. Appellant was arrested several hours later when he returned from work. The officers informed him that Hanick and Conover had been arrested earlier and had told them there was a narcotic outfit and a capsule of heroin in the apartment.

According to one of the police officers, appellant said that he had some heroin in the apartment and that it was probably in the box on top of the dresser. Later appellant told the officers that he had not seen the capsule of heroin which was in the room but that he had left money with Conover for the purchase of heroin from Hanick. He also said that he had a narcotic outfit and that he thought it would probably be in the potted plant by the bed. An examination of his arm revealed evidence of numerous hypodermic injections, and he told the officers that he had been an addict for many years.

The same officer was also allowed to relate conversations had by the policemen with Hanick and Conover which were clearly inadmissible hearsay. However, no objection was made, and, at the close of the prosecution's case, the court, on its own motion, instructed the jury to disregard the testimony of the officer concerning these conversations. Conover and Hanick, appearing as witnesses for appellant, denied on cross-examination that they had said some of the things the officer attributed to them. In rebuttal another officer repeated in substance the conversations had with Hanick and Conover. ▮ The rebuttal evidence was admissible to impeach them, but there was no request that it be limited to this purpose, and the jury was not so instructed.* In the absence of such a request there was no duty upon the trial court to instruct the jury that the rebuttal testimony was admissible solely for the purpose of impeaching Hanick and Conover. (*People* v. *Holbrook,* 45 Cal.2d 228, 233 [288 P.2d 1]; *People* v. *Weitz,* 42 Cal.2d 338, 347 [267 P.2d 295]; *People* v. *Simeone,* 26 Cal.2d 795, 808 [161 P.2d 369]; *People* v. *Findley,* 132 Cal. 301, 306 [64 P. 472]; *People* v. *Hovermale,* 76 Cal.App. 91, 97-98 [243 P. 878]; *cf. People* v. *White,* 43 Cal.2d 740, 744-745 [278 P.2d 9];

*Reporter's Note—Counsel appearing on appeal were not counsel for appellant in the trial court.

*People* v. *Stevens,* 5 Cal.2d 92, 100 [53 P.2d 133].) The cases of *People* v. *Grimes,* 148 Cal.App.2d 747 [307 P.2d 932], and *People* v. *Bentley,* 131 Cal.App.2d 687 [281 P.2d 1], are disapproved insofar as they are inconsistent with the authorities cited above.

The prosecutor in his argument to the jury made several references to the testimony of the officers concerning their conversations with Hanick and Conover. While not entirely clear, some of the statements of the prosecutor might be construed as implying that the hearsay evidence was received not only for the purposes of impeachment but also as proof of the charge against appellant. No objection was made to the prosecutor's statements, and we must assume that, if appellant had objected, the court would have informed the jury that the hearsay evidence was to be considered solely for the purposes of impeachment. (*Cf. People* v. *Corrigan,* 48 Cal.2d 551, 556 [310 P.2d 953] ; *People* v. *Amaya,* 40 Cal.2d 70, 79 [251 P.2d 324].)

Appellant's principal contention is that the evidence is insufficient to support the judgment because, he asserts, there is no evidence that he had possession of the narcotic or knowledge of its presence. Numerous cases have recognized that constructive possession of a narcotic constitutes a violation of section 11500 of the Health and Safety Code (see, e.g., *People* v. *Hancock,* 156 Cal.App.2d 305, 309 [319 P.2d 731] ; *People* v. *Walker,* 121 Cal.App.2d 173, 174 [262 P.2d 640] ; *People* v. *Gonzales,* 116 Cal.App.2d 843, 844 [254 P.2d 603] ; *People* v. *Graves,* 84 Cal.App.2d 531, 534-535 [191 P.2d 32]), and evidence of physical possession by the defendant's agent, or by any other person when the defendant has an immediate right to exercise dominion and control over the narcotic, has been held sufficient to sustain a conviction under that section (*People* v. *MacArthur,* 126 Cal.App.2d 232, 236-237 [271 P.2d 914] ; *People* v. *Gonzales, supra,* 116 Cal.App. 2d 843, 844; *People* v. *Graves, supra,* 84 Cal.App.2d 531, 534-535; *People* v. *Sinclair,* 129 Cal.App. 320, 322 [19 P.2d 23]).

Conover purchased the heroin as agent for appellant and pursuant to his express instructions, and appellant, as the owner of the capsule, was entitled to exercise dominion and control over it. He had constructive possession as soon as the narcotic was acquired for him, and it is immaterial whether he had personal knowledge of the presence of the narcotic in the apartment. The case of *People* v. *Gory,* 28 Cal.2d 450 [170

P.2d 433], did not involve constructive possession through an agent and therefore is not in point.

The judgment and the order denying a new trial are affirmed.

Shenk, J., Carter, J., Traynor, J., Schauer, J., Spence, J., and McComb, J., concurred.