[Crim. No. 3160. Third Dist. Sept. 6, 1961.]

THE PEOPLE, Respondent, v. GEORGE WAGGONER, Appellant.

Robert J. Cook, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, and Richard Lee, Deputy Attorney General, for Respondent.

SCHOTTKY, J.—George Waggoner was found guilty by a jury of violating sections 288a (sex perversion) and 286 (sodomy) of the Penal Code. He has appealed from the judgment entered and from the order of the court denying his motion for a new trial.

Appellant does not contend that the evidence is insufficient to sustain his conviction of the crimes charged, and we therefore deem it unnecessary to state the sordid details of the

crimes. It is sufficient to state that the record amply supports the verdicts of the jury.

Only two contentions are made by appellant. The first is that it was error to receive the testimony of Buhel Forester Hicks, Jr., a 16-year-old boy, who testified in rebuttal for the prosecution. Hicks testified that in December of 1959 he was in appellant's apartment with appellant; that appellant got into bed with him and asked him to submit to an act of sodomy; that after he (Hicks) refused appellant again made advances; and that after again being rebuked appellant told him that if he would live with appellant he would be furnished food and clothing.

Appellant did not testify in his own defense but called as witnesses three teen-age boys, each of whom testified that he had been in the company of appellant on frequent occasions over a period of several months prior to the trial and that appellant had never made any improper advances toward him. It was to rebut this testimony that the prosecution called the witness Hicks.

Appellant argues that it was error to admit the testimony of Hicks because it related to an alleged crime and acts not connected with the offense charged and that it was highly prejudicial. As a general rule evidence of other offenses committed by a defendant in a criminal case is inadmissible unless it is relevant for some purpose other than to show a disposition to commit a crime. (Witkin, California Evidence, § 135.) The most common exception is to show motive, intent, plan or knowledge. There is also another exception. " 'The accused may not overemphasize his claims of utter innocency by saying that he *never at any time* committed an offense of the kind on trial, . . . . Having chosen to extend the scope of the inquiry by a resort to superlatives, the accused must expect to be met with contrary proof.' " (Witkin, California Evidence, § 679. The quotation is from *People* v. *Lindsey,* 90 Cal.App.2d 558, 566 [203 P.2d 572].)

 The following statement from *People* v. *Westek,* 31 Cal.2d 469, at page 476 [190 P.2d 9], is applicable: "It is the general rule that evidence of other crimes, where it is offered solely to prove criminal disposition or propensity on the part of the accused to commit the crime charged, should be excluded because its probative value is outweighed by its prejudicial effect. (22 C.J.S., Criminal Law [1940], § 682, p. 1084; 8 Cal.Jur., Criminal Law [1922], § 167, p. 58; Wig-

more on Evidence (3d ed.), vol. I, § 193, p. 642; § 194, p. 646.) Application of this general rule in prosecutions charging the commission of lewd and lascivious acts may be found in the cases of *People* v. *Anthony,* 185 Cal. 152, 157 [196 P. 47]; *People* v. *Asavis,* 22 Cal.App.2d 492, 494 [71 P.2d 307]; and *People* v. *Huston,* 45 Cal.App.2d 596, 597 [114 P.2d 607], where, so far as the respective opinions disclose, the prosecution was undertaking to prove similar offenses as part of its case in chief. But here a totally different situation is involved where appellant, apparently actuated by a desire to place himself in an especially favorable light before the jury, injected into the case in the course of his direct examination the whole subject matter of his past conduct with any boy, and it was to offset the effect of this gratuitous testimony that the prosecution introduced the challenged evidence.''

We believe that the testimony of Hicks was admissible. By calling the three teen-age boys as witnesses appellant endeavored to persuade the jury to believe that he never made advances toward any boy within the group. This evidence was produced in an attempt to show that the appellant was of good moral character and one who did not make improper advances toward teen-age boys. While the defendant did not testify himself, he did attempt to show a blameless character through the testimony of these witnesses. Under such circumstances the rule enunciated in the *Westek* case is controlling.

Appellant contends also that the court erred in failing to instruct the jury on the limited purpose of the rebuttal testimony of Hicks. There is no merit in this contention because no such limiting instruction was requested. The rule is stated in *People* v. *White,* 50 Cal.2d 428, 430 [325 P.2d 985], as follows: ''The rebuttal evidence was admissible to impeach them [witnesses for the defendant], but there was no request that it be limited to this purpose, and the jury was not so instructed. In the absence of such a request there was no duty upon the trial court to instruct the jury that the rebuttal testimony was admissible solely for the purpose of impeaching Hanick and Conover.''

The judgment and order are affirmed.

Van Dyke, P. J., and Peek, J., concurred.

A petition for a rehearing was denied September 28, 1961, and appellant's petition for a hearing by the Supreme Court was denied November 1, 1961.