EFRAÍN RÍOS MORA, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, CÉSAR BOBONIS DÍAZ, JUDGE, Respondent; THE PEOPLE OF PUERTO RICO, Intervener.

No. C-65-117. Decided June 28, 1967.

 

*Santos P. Amadeo* and *Ernesto Maldonado Pérez* for petitioner.
*J. B. Fernández Badillo, Solicitor General,* and *Manuel Tirado Viera, Assistant Solicitor General,* for intervener.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

Appellant was accused of the crime against nature committed by coercion on the person of a thirteen-year-old boy. He was tried by jury. In the information he was charged that the facts for which he was prosecuted occurred "on or about the first days of the first week of September 1964." At the trial the aggrieved party testified that the facts occurred on the date alleged in the information. Another witness testified that they occurred on the 8th. At the termination of the presentation of the evidence for the prosecution the prosecuting attorney prays to the court "to consider the information as amended to read that the facts occurred in the month of September, starting September 8, to be more specific."

The judge allows the amendment relying on the provision of Rule 38(d)[1] of the Rules of Criminal Procedure

---

[1] It provides:

"(d) *Variance between pleadings and the evidence.* The court may allow amendments to be made to the information, complaint or to a bill of particulars at any time before the conviction or acquittal of the defendant, in case there is a variance between these pleadings and the evidence. The variance between the pleadings and the evidence shall not constitute grounds for the acquittal of the defendant; but the court shall, provided the defendant does not oppose it, postpone the trial if the substantial rights of the defendant have been impaired, to hold it before another jury or before the same court if the trial is not by jury, and as determined by the court.

"If the discrepancy or variance is of such nature that the evidence

of 1963, and inquires from defendant whether he opposes "that this proceeding be postponed for another date to be held before another jury and that the jury in attendance be discharged."

The defense informs that it objects that the jury be discharged and to the postponement of the trial.[2] The judge chooses to discharge the jury. He sets the case for new trial.

establishes an offense different from the one charged against the defendant, and not included therein, or if it establishes an offense beyond the jurisdiction of the court, the jury shall be discharged and the case shall be dismissed."

[2] After the prosecuting attorney proposes the amendment of the information, the record shows that the following occurred:

"MR. AMADEO:

Then, we would have to commence another trial to give the defense the opportunity to prepare for it.

"JUDGE:

Pardon me, the court grants the petition of the prosecuting attorney to amend the information and the bill of particulars, to conform, the information as well as the bill, to the evidence offered by him; the amendment requested is allowed. Now then, pursuant to Rule 38, with which my colleagues are acquainted, it provides that after the amendment is allowed, if defendant does not oppose it, the court shall postpone the trial if the substantial rights of the defendant have been impaired, to hold it before another jury or before the same court if the trial is not by jury. I must understand, then, and I must ask whether the colleagues of the defense understand that the rights of this defendant have been or may be fundamentally impaired by the amendment allowed by the court.

"MR. AMADEO:

Sure, we are also going to anticipate the court that if this case is tried again, we intend to raise the question of double jeopardy.

"JUDGE:

What you are going to raise in another proceeding you do later. Then, the colleagues do not object that this proceeding be postponed for another date to be held before another jury and that the jury in attendance be discharged?

"MR. AMADEO:

We object, we take exception of Your Honor's ruling permitting the amendment.

"JUDGE:

That is already decided, the amendment is allowed as to that, the colleagues may, at the proper time, raise the question of law.

On the day set for the hearing the defense requests a term to file a motion alleging former jeopardy. After the motion was filed and the question raised was discussed, it was denied. We issued this writ of certiorari to review said order.

"MR. AMADEO:

Now we are not going to waive anything, Your Honor shall decide according to your opinion.

"JUDGE:

The court understands that the substantial rights of this defendant may be impaired by the amendment requested by the prosecuting attorney and allowed by the court, and must ask, for the purpose of deciding, whether the colleagues object that his proceeding be postponed and be held before another jury.

"MR. AMADEO:

We object because we believe that it would be double jeopardy.

"JUDGE:

Do the colleagues understand that we should continue with this proceeding?

"MR. AMADEO:

No, Your Honor, if you permit us, we are defenseless.

"JUDGE:

Then, you do not want to hold it either now or later?

"MR. AMADEO:

That is a question for Your Honor to decide.

"JUDGE:

But, pardon me, you have to answer categorically whether you object to the suspension of this proceeding.

"MR. MALDONADO PÉREZ:

With the leave of the court, we see the situation created by the rule Your Honor has repeatedly referred to, however, our objection at this time to proceed with the trial on the merits of this case is equivalent to a waiver on our part of defendant's rights, and we understand, Your Honor, that in addition to the proposed amendment introduced and accepted by the court in this case the substantial rights of defendant would also be impaired by any question of law, Your Honor, which could be raised on a subsequent date, it would have to be raised on a subsequent date, and doing it now entails the anticipation of a trial, so that we cannot object strictly in that sense, Your Honor, to the postponement of this case considering the situation created to Your Honor by the Rules of Criminal Procedure, specifically Rule 38, without it being understood that any constitutional right which, in our opinion, the defendant has,

After the prosecuting attorney proposed the amendment of the information, one of the attorneys for the defense stated that ". . . we would have to commence another trial to give the defense the opportunity to prepare for it." After the court allows that the information be amended the defense assumes the position of objecting to the continuation of the hearing and of not giving its consent to have the jury discharged and to hold a new trial.

---

may be raised at the proper time when we return to this court, if it is so ordered by Your Honor.

"MR. AMADEO:

That is, that we do not waive anything.

"JUDGE:

Does our colleague object to the continuation of the hearing of the case?

"MR. AMADEO:

Exactly. That is not a waiver of defendant's rights to raise the corresponding contentions at the proper time.

"JUDGE:

Then, please recall the jury.

Gentlemen of the Jury, the prosecuting attorney, the district attorney, at the termination of the presentation of the evidence, requested that the court allow him to amend the information to conform it to the allegations in the information, or the allegations of the information to the evidence offered through some witnesses; the prosecuting attorney also requested to be allowed to amend an answer to a bill of particulars; the attorneys for the defense objected to it. The court, in the light of a provision of Rule 38 of the Rules of Criminal Procedure, allowed the amendment of the prosecuting attorney and ordered that the information be amended at this stage of the proceeding; it also sustained the request of the prosecuting attorney for the amendment of the bill of particulars; but this court understands, and it is thus understood by defendant's attorneys, that the substantial rights of defendant may be and actually are impaired by the action taken by this court, in permitting the amendment requested, and in the light of the provisions of Rule 38 of the Rules of Criminal Procedure, this court, in ordering the amendment requested by the prosecuting attorney, should, and it is so done, order the jury which has been sitting in this case to be discharged in order that another jury hear the evidence in the light of the new information which has been amended at the request of the prosecuting attorney to conform it to the evidence he has presented. For said reasons the jury is discharged by the court and the court thanks them for sitting up to this time, and orders a new trial against defendant herein, which is set for . . . ."

Without considering whether the amendment proposed by the prosecuting attorney was actually necessary, since apparently there was no such incongruency or variance between the pleadings and the evidence to warrant the application of Rule 38(d), the truth is that the action of the court in permitting the amendment did not impair defendant's right to a fair and impartial trial. In allowing the amendment the court offered the defense the alternative of continuing with the hearing or of discharging the jury and granting a new trial. But the defense did not accept either the one or the other.

The attitude assumed by the defense in the sense of opposing to the continuation of the hearing forced the presiding judge to adopt the measure which he believed was less prejudicial to defendant, which was to discharge the jury and start a new trial. It was the least prejudicial, since in view of the attitude of the defense to object to the continuation of the trial, the court would have had to assign to him another attorney, who evidently could not offer, even if the continuation of the hearing was postponed so that he could confer with the defendant and the witnesses, the same assistance that the attorneys who had attended him from the onset of the proceeding and who were acquainted with all the details of the evidence, could offer him. A new trial was certainly more beneficial to defendant.

▮ Rule 38(d) stems from § 184 of the Model Code,[3] and in § 1009 of the Penal Code of California. In California

---

[3] Rule 184 insofar as pertinent provides:

"Section 184. *Defects, variances and amendment.*

"(1) . . . .

"(2) No variance between those allegations of an indictment, information or bill of particulars, which state the particulars of the offense, whether amended or not, and the evidence offered in support thereof shall be ground for the acquittal of the defendant. The court may at any time cause the indictment, information or bill of particulars to be amended in respect to any such variance, to conform to the evidence.

when the amendment of an information is allowed to conform it to the evidence, it is discretionary with the court to grant a new trial and its determination is generally honored although it has been established that said discretion may not be exercised in such a manner as to deprive a defendant of a reasonable opportunity to prepare his defense. *People* v. *Murphy*, 382 P.2d 346 (1963). The purpose of these provisions is to prevent that the administration of justice be thwarted where there is a variance between the evidence and the information, but safeguarding at the same time defendant's rights to an impartial and fair trial with reasonable opportunity to prepare his defense. *People* v. *Shutler*, 59 P.2d 1050 (Cal. 1963). Under our procedure prior to the Rules of 1963 the amendment to the information was proper if the offense charged in the same was not changed, but it did not provide as to the granting of a new trial, as provided in the rule now in force. See *People* v. *Calero*, 68 P.R.R. 295, 304 (1948) and § 158 of the Code of Criminal Procedure.

 Rule 38 (d), however, mandatorily establishes that where an information is amended to conform it to the evidence presented, the court, if "the substantial rights of the defendant have been impaired" shall grant a new trial. See *People* v. *Rodríguez Marrero*, 90 P.R.R. 475 (1964). Thus, the rule states that "The variance between the pleadings and the evidence shall not constitute ground for the acquittal of the defendant, but the court shall . . . postpone the trial if the substantial rights of the defendant have been

---

"(3) If the court is of the opinion that the defendant has been prejudiced in his defense upon the merits by any such defect, imperfection or omission or by any such variance the court may, because of such defect, imperfection, omission or variance, unless the defendant objects, postpone the trial, to be had before the same or another jury, on such terms as the court considers proper. In determining whether the defendant has been prejudiced in his defense upon the merits, the court shall consider all the circumstances of the case and the entire course of the prosecution."

impaired . . . ." It is an additional guarantee to defendant that he will have the opportunity to prepare his defense adequately. Now then, defendant might reach the conclusion that it is more beneficial to continue the hearing of the case after the amendment has been allowed, and hence the condition provided in the rule. It will be postponed and a new trial will be granted provided the defendant does not oppose it. It is a privilege given by the rule to the defendant. But we have seen that in this case defendant expressed his opposition to have the jury discharged and objected to the continuation of the trial which was being held. Defendant seeks through his action rejecting the application of the provisions of Rule 38(d) to frustrate the administration of justice. The attorney, as an officer of the court, in addition to protecting defendant's rights, is bound to protect the proper administration of justice. In his mission of assisting a defendant he should not adopt positions which hinder its fair administration.

■ Under the attendant circumstances in this case, could the estoppel of former jeopardy be invoked to defeat the new trial? Certainly not. In *Piñero Agosto* v. *Superior Court*, 94 P.R.R. 193 (1967), we stated:

"In *Gori* v. *United States,* 367 U.S. 364 (1961), a case in which both the Court of Appeals, 282 F.2d 43 (2d Cir. 1960), and the Supreme Court doubted the necessity and wisdom of the judge's action in discharging a jury and in spite of that they sustained the validity of a second trial, it was said:

'Since 1824 it has been settled law in this Court that "The double-jeopardy provision of the Fifth Amendment . . . does not mean that every time a defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails to end in a final judgment." [Citations] Where, for reasons deemed compelling by the trial judge, who is best situated intelligently to make such a decision, the ends of substantial justice cannot be attained without discontinuing the trial, a mistrial may be declared without the defend-

.. ant's consent and even over his objection and he may be retried consistently with the Fifth Amendment. [Citations] It is also clear that "This Court has long favored the rule of discretion in the trial judge to declare a mistrial and to require another panel to try the defendant if the ends of justice will be best served . . . ," [Citations] and that we have consistently declined to scrutinize with sharp surveillance the exercise of that discretion. [Citations] In the *Pérez* case, the authoritative starting point of our law in this field, Mr. Justice Story, for a unanimous Court, thus stated the principles which have since guided the federal courts in their application of the concept of double jeopardy to situations giving rise to mistrials:

> ". . . We think, that in all cases of this nature, the law has invested Courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject; and it is impossible to define all the circumstances, which would render it proper to interfere. To be sure, the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes; and, in capital cases especially, courts should be extremely careful how they interfere with any of the chances of life, in favor of the prisoner. But, after all, they have the right to order the discharge; and the security which the public have for the faithful, sound, and conscientious exercise of this discretion, rests, in this, as in other cases, upon the responsibility of the judges, under their oaths of office . . ." 9 Wheat., at 580.' "

The decision of the Superior Court, San Juan Part, of July 29, 1965, to the effect that the defense of former jeopardy did not lie, was correct.

The writ issued will be quashed and the case will be remanded for further proceedings.

Mr. Chief Justice Negrón Fernández dissented. Mr. Justice Santana Becerra dissented in a separate opinion.

—O—

MR. JUSTICE SANTANA BECERRA, dissenting.

San Juan, Puerto Rico, June 28, 1967

Section 11 of the Bill of Rights of the Constitution of the Commonwealth of Puerto Rico provides that "No person shall be twice put in jeopardy of punishment for the same offense." The will of the People was not that no person be punished twice for the same offense, but that no person *shall be twice put in jeopardy* of punishment for the same offense. The meaning of the phrase "be . . . put in jeopardy" in the juridical text is so well understood that it needs no further explanation.

Rule 144 of the Rules of Criminal Procedure of 1963, which deals with the discharge of the jury, provides that the court may order the same ". . . (d) If any error or irregularity should have been committed during the trial which in the opinion of the court precludes the jury from returning a fair and impartial verdict." The Rule establishes that in all cases where a jury is discharged under the provisions of these Rules, the cause may be tried again. Rule 64 establishes as ground for a motion to dismiss the information ". . . (e) That the defendant has been convicted *or placed in jeopardy* or has been acquitted of the offense charged." The motion to dismiss shall state the name under which the defendant was convicted, *placed in jeopardy*, or acquitted, and the date, court, and place of conviction, *former jeopardy*, or former acquittal.

For some time now there is a tendency in the court of first instance to have the jury discharged after the trial has reached quite advanced stages, to commence a new trial. It may be noticed in the cases which come here, and in the

reports of this fact anticipated by the press. Possibly, it may be due to the concept being attached by the trial judges to the power conferred upon them by Rule 144. It seems that the fact that such permissible power is limited by the guarantee of higher rank of the constitutional provision, has not been properly grasped. Such power may not be exercised injuring or impairing said provision.

More recently this Court has had the opportunity on two previous occasions to express itself on the due and proper equilibrium that should exist between both provisions, the constitutional and the statutory of the Rule. In both cases I was called upon to express the opinion of the Court. I do not believe it is necessary now, when I speak for myself, to comment on the concepts and authorities expressed in those decisions. In the first one, *People* v. *Arteaga Torres*, 93 P.R.R. 146 (1966), the case having been submitted to the jury and the latter being deliberating, the trial court, on its own initiative, discharged the jury, on the ground that it had inadvertently passed to the latter an information in which the subsequency of offenses was mentioned. The case having been tried for the second time and the defendant convicted, the problem of former jeopardy arose. We upheld the trial court which dismissed the contention. Actually an error had been committed at the first trial which impaired defendant's rights, and as a question of reality, what occurred was that the trial court granted a new trial which in all probability would have been granted on appeal by this Court.

The second case, *Piñero Agosto* v. *Superior Court*, 94 P.R.R. 193 (1967), presented a situation far more complex and delicate. Desirable rules were established for the proper protection of the constitutional guarantee, compatible with situations arising at the trial which might lead to an unjust and not impartial proceeding for both parties. In the final balance we sustained the trial court, great importance being

attributed to the fact that the trial judge, if he possesses the proper sensibility, is the arbiter par excellence of when and when not, the proceeding may cease to be the fair and impartial trial which the law demands.

Under the rules already established I do not see the justification in this case to disregard the constitutional provision which safeguards against double jeopardy.

Aside from the fact that between the evidence and the information there did not exist the fatal variance between the pleadings and the evidence contemplated in Rule 38(d) of the Rules of Criminal Procedure, *cf. Soto* v. *Superior Court*, 90 P.R.R. 505 (1964)—what simply occurred was a variance as to a date in the testimonies of two witnesses for the prosecution, a usual and ordinary occurrence in any proceeding, which the jury is supposed to settle—in order that the jury be discharged under this Rule *the consent* of defendant is necessary.

Defendant did not give his consent. He also objected to continuing with the proceeding. As a question of strategy of the defense I do not blame him for assuming both positions. However, that the defense also objected to continuing with the trial does not excuse the trial judge from terminating it. He should have refused by overruling it, this second proposition of defendant. The ultimate responsibility of enforcing the constitutional provisions rests with the presiding judge and not with the attorneys for the parties. I do not believe that in this case the trier protected the constitutional guarantee.

I understand that this is a field in which appraising values are involved, and there may be different opinions in the evaluation of a particular situation. My opinion emphasizes the necessity of maintaining the trial judges on the alert against the rule of disregarding the constitutional provision on double jeopardy on any inconsistent ground.

In this case defendant was improperly put in jeopardy of punishment more than once, and therefore, I dissent.